387 A.2d 77

COMMONWEALTH of Pennsylvania

v.

Robert Carl TALLON, Appellant.

Supreme Court of Pennsylvania.

Argued May 24, 1977.

Decided June 2, 1978.

470

Larry F. Knepp, Lewistown, for appellant.

Francis A. Searer, Sp. Asst. Atty. Gen., Lewistown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

The Court being equally divided, the Judgment of Sentence is affirmed.

O'BRIEN, J., files an Opinion in Support of Affirmance in which ROBERTS and POMEROY, JJ., join.

EAGEN, C. J., and NIX and MANDERINO, JJ., would reverse the Judgment of Sentence believing the corpus delicti has not been established.

472

OPINION IN SUPPORT OF AFFIRMANCE

O'BRIEN, Justice.

Appellant, Robert C. Tallon, was convicted by a jury of voluntary manslaughter and robbery. Post-verdict motions were denied and appellant was sentenced to concurrent prison terms of five to ten years for each offense. A direct appeal from the voluntary manslaughter judgment of sentence was filed in this court. The judgment of sentence on the robbery conviction was appealed to the Superior Court, which certified that appeal to this court.

The facts are as follows. On July 3, 1973, the decomposed body of Daniel Sebolt was discovered on the floor of his apartment. Blood stains were on the pillowcase and the victim's eyeglasses and false teeth were found in the bed sheets. Both the victim's wallet and change purse were missing. The state of the body's decomposition indicated that the victim had been dead for a week, but an autopsy did not reveal the manner or cause of death.

At the time the body was discovered, appellant was incarcerated in Akron, Ohio on unrelated charges. He sent a letter to the Sheriff of Mifflin County, site of this homicide, which led to an investigation culminating in appellant's arrest. He gave two confessions, one while in the Akron jail and one after returning to Mifflin County. In both confessions he stated that he and the victim were arguing when appellant began choking the victim. Appellant told police he then took the victim's wallet. When he discovered that the wallet contained no money, he threw it into the river.

Appellant first claims that the trial court erred in admitting his confession because the Commonwealth had failed to first establish the corpus delicti of the crimes for which he was charged. We do not agree.

Our corpus delicti rule [1] was first set forth in *Gray v. Commonwealth*, 101 Pa. 380, 386 (1882), where we stated:

". . . when the commonwealth had given sufficient evidence of the *corpus delicti* to entitle the case to go to the jury, it is competent to show a confession made by the prisoner connecting him with the crime. Under such circumstances the jury should first pass upon the sufficiency of the evidence of the *corpus delicti*. If it satisfies them beyond a reasonable doubt that the crime has been committed, then they are at liberty to give the confession such weight as it is entitled to, taking into view the circumstances surrounding it, and the extent to which it has been corroborated."

More recently, we stated in *Commonwealth v. Ware*, 459 Pa. 334, 365, 329 A.2d 258, 274 (1974):

"We have followed Professor Wigmore's analysis that a crime conceptually consists of three elements: 'first, the occurrence of the specific kind of injury or loss . . .; secondly, somebody's criminality (in contrast, e. g., to accident) as the source of the loss,—these two together involving the commission of a crime by somebody; and, thirdly, the accused's identity as the doer of this crime.' 7 J. Wigmore, Evidence § 2072, at 401 (3d ed. 1940) (emphasis removed); see *Commonwealth v. May*, 451 Pa. 31, 32, 301 A.2d 368, 369 (1973). Corpus delicti, meaning 'body of the crime,' consists of the first two elements. *Commonwealth v. May*, supra; *Commonwealth v. Rhoads*, 225 Pa.Super. 208, 213, 310 A.2d 406, 409 (1973). Specifically, ' "[t]he corpus delicti [in a murder prosecution] consists of proof that a human being is dead and that such death took place under circumstances which indicate criminal means or the commission of a felonious act." ' *Commonwealth v. Milliken*, 450 Pa. 310, 317, 300 A.2d 78, 82 (1973), quoting *Commonwealth v. Frazier*, 411 Pa. 195, 202, 191 A.2d 369, 373 (1963)."

We further stated in *Ware* :

"We do not lose sight of the distinction between the requirement of corroboration of the statements of the accused and the Commonwealth's ultimate burden of proof. The former merely requires that the trial court be

satisfied that a conviction will not result from a confession or admission when no crime has in fact been committed by anyone. Ultimately the Commonwealth must prove beyond a reasonable doubt that a crime has in fact been committed." Id., 459 Pa. at 367, 329 A.2d, at 275 (n. 43). We must then determine if independent evidence for the crimes of murder and robbery existed to allow the introduction of appellant's confession.

As previously stated, the corpus delicti in a murder prosecution consists of proof that an individual is dead and that death resulted from criminal means. *Commonwealth v. Milliken*, 450 Pa. 310, 300 A.2d 78 (1973). As we stated in *Commonwealth v. Frazier*, 411 Pa. 195, 202, 191 A.2d 369, 373 (1963):

". . . Like other facts, [the corpus delicti] may be established by circumstantial evidence . . . . The corpus delicti is sufficiently established if the circumstances of the death are consistent with crime, even though they may also be consistent with [other causes of death] . . . . It is not necessary to show by affirmative proof that the possibility of [those other causes] does not exist . . . ." (citations omitted.)

In this case, appellant claims that the victim's death may well have been a result of natural causes. We believe, however that the blood on the pillow, along with the evidence that the victim's glasses and dentures were tangled in the bedsheets, and the fact that the victim's wallet and change purse were missing, offer sufficient circumstantial evidence to prove the corpus delicti of murder.

The same is true of the robbery charge. The Crimes Code provides:

"(1) A person is guilty of robbery if, *in the course of committing a theft,* he:

"(i) *inflicts serious bodily injury upon another*;

"(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; or

(iii) commits or threatens immediately to commit any felony of the first or second degree.

"(2) An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.P.S.A. § 3701. (Emphasis added.)

■■ To establish the corpus delicti of robbery, the Commonwealth must show an injury (theft or attempted theft) by criminal means (by the infliction of serious bodily injury). Again, we believe the Commonwealth has met its burden, as testimony indicates that the victim always had a change purse in his possession. Yet, when the body was discovered, neither a change purse nor a wallet was found. The requirement of serious bodily injury is self-evident because the victim was dead. The Commonwealth offered sufficient evidence for the robbery charge to allow appellant's confession to be admitted.

In the same vein, appellant argues that the corpus delicti was not established because a Dr. Thomas Magnani was unable to assign a cause of death. In *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 351, 353 A.2d 387, 390 (1976), we stated:

". . . We have held that 'it is not fatal that the Commonwealth cannot establish by direct evidence that the blows causing the fatal injury were inflicted by human agency. "Admittedly, there were no eyewitnesses to the alleged beating; but the Commonwealth need not provide its case directly. Circumstantial evidence can be as reliable and persuasive as eyewitness testimony." ' *Commonwealth v. Blevins*, 453 Pa. 481, 486, 309 A.2d 421 (1973)."

■ We believe that the circumstantial evidence surrounding this death is of a sufficient nature to permit an inference that death was by criminal human agency.

■ Appellant next argues that the court erred in charging the jury on what evidence could be considered in determining the corpus delicti of the crimes charged. It is the rule in this Commonwealth that before a jury can

consider a defendant's confession, it must be convinced beyond a reasonable doubt that the corpus delicti has been established. *Commonwealth v. May*, 451 Pa. 31, 301 A.2d 368 (1973) (n. 2). Our review of the trial court's charge reveals that the court did define the corpus delicti rule and therefore we are satisfied that the charge was proper and appellant's contention is meritless.

■ Appellant next argues that the court erred in permitting a hypothetical question. When Dr. Magnani was on the stand, he was asked whether "it is possible to strangle a person without doing any damage to any of the neck bones or other bones located within the neck?" Dr. Magnani replied, "Yes, it is possible." Because of the use of the word possible, appellant believes the question was improper, citing *Sweeney v. Blue Anchor Bev. Co.*, 325 Pa. 216, 222, 189 A. 331, 334 (1937), where we stated:

". . . No matter how skilled or experienced the witness may be, he will not be permitted to guess or to state a judgment based on mere conjecture."

We believe, however, that the rule in *Sweeney* is inapposite, because Dr. Magnani gave an affirmative response to a question which did not require conjecture on his part; rather, Dr. Magnani's expertise allowed him to answer the proffered question.

■ Appellant next complains about various alleged prejudicial comments by the prosecutor which appellant believes entitle him to a new trial. During the prosecutor's opening remarks, he mentioned the letter which appellant had sent to the Mifflin County sheriff. Because a confession is inadmissible until the corpus delicti is proven by independent evidence, appellant believes the prosecutor's remark was in error. However, at the time the remark was made, the district attorney did not mention the contents of the letter, and did not allude to any facts that indicated the letter was inculpatory. Further, the letter was eventually admitted into evidence; thus, appellant's argument is meritless. See *Commonwealth v. Russell*, 459 Pa. 1, 326 A.2d 303

(1974). See ABA Standards, The Prosecution Function, § 5.5. (approved draft 1971).

■ Appellant next complains about the prosecutor's comments regarding the discovery of the victim's body. The district attorney told the jury of blood on the pillowcase and the terrible odor from the decomposed body. While the imagery was not the most pleasant, the prosecutor only told the jury what his witnesses testified to. This contention is also without merit. See *Russell, supra.*

■ At another point, the district attorney referred to "the scene of the crime" before the corpus delicti had been established. The court sustained appellant's objection, but refused his motion for a mistrial. We agree with the trial court that the remark was not of such a prejudicial nature as to require a mistrial. *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973).

■ Appellant next argues the court below erred in not granting a mistrial when the district attorney asked questions of the police officer who went to Akron to question appellant. The witness was asked what he expected to discover from questioning appellant. Appellant objected to the question and the trial court sustained his objection, thereby granting all the relief requested by appellant. Appellant failed to move for a mistrial; therefore, he cannot now complain that the court erred in failing to grant a mistrial when no such motion was made. *Commonwealth v. Glenn*, 459 Pa. 545, 330 A.2d 535 (1974). Moreover, we do not believe that the question was of such a nature that would warrant a *sua sponte* declaration of a mistrial by the trial court. Cf. *Commonwealth v. Stewart*, 456 Pa. 447, 317 A.2d 616 (1974).

■ Appellant next complains about alleged improper questions asked of two proposed jurors during *voir dire.* As neither juror was seated, we can find no prejudice to appel-

lant. Compare *Commonwealth v. Jones*, 447 Pa. 594, 385 A.2d 946 (1978).

Various witnesses testified that the victim always carried a leather change purse. One witness testified that the last time she saw the victim, about a month prior to his death, he still had the change purse in his possession. Appellant claims this testimony concerning the decedent's possession of a change purse was too remote, thus requiring a new trial. We do not agree.

■ In *Commonwealth v. Ross*, 266 Pa. 580, 110 A. 327 (1920), we held that in many instances, remoteness of evidence goes to its weight, and not its admissibility. In some instances we have held evidence too remote to be admissible, *Commonwealth v. Knight*, 469 Pa. 57, 364 A.2d 902 (1976). We decline to do so in the instant case. Evidence that victim always carried a change purse and, in fact, still had it a month before his death is sufficiently probative to allow its admission.

■ Appellant argues that his convictions cannot stand because the verdict of voluntary manslaughter and robbery are inconsistent under the facts of this case. Since the case was being tried on a felony-murder theory, appellant believes the verdicts are inconsistent, entitling him to a new trial. As we stated in *Commonwealth v. Strand*, 464 Pa. 544, 547, 347 A.2d 675, 676 (1975):

"But even if it were assumed that the two verdicts were logically inconsistent, such inconsistency alone could not be grounds for a new trial or for reversal. 'It has long been the rule in Pennsylvania and in the federal courts that consistency in a verdict in a criminal case is not necessary.'" *Commonwealth v. Parrotto*, 189 Pa.Super. 415, 419, 150 A.2d 396 (1957).

Appellant's contention is without merit.

■ Appellant finally complains that the trial court erred in excluding the coroner's death certificate, which

attributed the victim's death to natural causes. However, he never raised this issue at either trial or post-verdict motions. He is thus precluded from first raising an issue on appeal, and the failure to raise it at the earlier stages constitutes a waiver. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

I would affirm the Judgments of sentence.

ROBERTS and POMEROY, J., join in this opinion.

EAGEN, C. J., and NIX and MANDERINO, JJ., would reverse the judgment of sentence believing the corpus delicti has not been established.