451 A.2d 236

**COMMONWEALTH of Pennsylvania**

v.

**Tyrone ELDER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1981.

Filed Oct. 1, 1982.

50

Douglas M. Johnson, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

SPAETH, Judge:

Appellant was convicted by a judge of receiving stolen property and retail theft and was sentenced to a minimum of two years and a maximum of four years imprisonment. He argues on appeal, *inter alia,* that the lower court erred in admitting his oral confession before the Commonwealth had proved the *corpus delicti* of the crime. We agree, and therefore grant appellant a new trial.[1]

■ The *corpus delicti* must be proved before a confession may be admitted into evidence. *Commonwealth v. Byrd,* 490 Pa. 544, 417 A.2d 173 (1980); *Commonwealth v. Daniels,* 281 Pa.Superior Ct. 334, 422 A.2d 196 (1980). The reason for this requirement is "rooted in a hesitancy to convict one of crime on the basis of his own statements only." *Commonwealth v. Ware,* 459 Pa. 334, 329 A.2d 258 (1974).

■ To prove the *corpus delicti,* the Commonwealth must show that an injury or loss has occurred, and that criminal activity caused the injury or loss. *Commonwealth v. Ware, supra.* Proof that the accused was the perpetrator of the crime is not required. *Commonwealth v. Turza,* 340 Pa. 128, 16 A.2d 401 (1940). The *corpus delicti* may be proved by circumstantial evidence. *Commonwealth v. Brogan,* 270 Pa.Superior Ct. 197, 411 A.2d 248 (1979). What constitutes sufficient circumstantial evidence has been defined by the Supreme Court as follows:

1. Because of our disposition of this issue, we do not consider the other issues raised by appellant.

> Although independent corroborative evidence is insufficient if it is equally as consistent with accident as with crime, *Commonwealth v. Leslie,* 424 Pa. 331, 227 A.2d 900 (1967), the prosecution has no duty to exclude the possibility of an accident in order to establish the *corpus delicti. Commonwealth v. Moore,* 466 Pa. 510, 515, 353 A.2d 808, 810 (1976) [other citations omitted].
>
> *Commonwealth v. Byrd,* 490 Pa. 544, 417 A.2d 173, 179 (1980).

The Commonwealth sought to prove the *corpus delicti* by the testimony of Linda Jackson. (Its only other witness was the detective who took appellant's statement.) Ms. Jackson's testimony may be summarized as follows: She is the manager of the furniture department at one of the Lord & Taylor stores. As manager she must keep track of items coming into and leaving the furniture department, which encompasses the rug department, and make "audits" of the inventory every six months. N.T. 4/21/80, 7–8. The rug department received the rug in question, style number 2B121, on October 6, 1977. *Id.* 10. She conducted an audit on June 27, 1979, and again on January 5, 1980. *Id.* 11–12. She testified, and the inventory sheets admitted into evidence showed, that the rug in question appeared at the June audit but not at the January audit. *Id.* 9–12. She also testified that other items were missing from the January audit but that "they have since been located at another Lord & Taylor store." *Id.* 15.

The Commonwealth argues that "the logical inference which arises from Ms. Jackson's testimony is that someone stole the rug in question." Appellee's Brief at 5. Under the test stated in *Commonwealth v. Byrd, supra,* this would mean that the inferences from Ms. Jackson's testimony are not "equally as consistent with accident as with crime." In other words, under *Byrd* the Commonwealth is not entitled to draw an inference that the rug was stolen unless that inference is stronger than the inference that appellant would draw—that it was lost.

In *Byrd* the Supreme Court illustrated its meaning by citation to *Commonwealth v. Leslie, supra,* as a case in which the evidence was insufficient to support an inference of loss caused by crime, and *Commonwealth v. Moore, supra,* as a case in which the evidence was sufficient. We think this case is much more like *Leslie* than *Moore.*

In *Leslie,* the loss was a burned building, and the charge was arson. The proof that criminal activity caused the loss was testimony of an expert, a deputy fire marshall, who had examined the site of the fire. The expert testified that he had found nothing to indicate that the fire was caused deliberately, but said, "I couldn't find any way where the building could have gone spontaneously and in my investigation I felt it was other than an accidental fire, and I pursued it further." 424 Pa. at 332, 227 A.2d at 902. The Court held this to be insufficient proof that criminal activity caused the fire, for the expert's testimony "reveal[ed] that he had only a mere suspicion that the fire was caused by other than accident or natural causes." *Id.,* 424 Pa. at 335, 227 A.2d at 903. The evidence, therefore, was "equally as consistent with accident as with crime," *Commonwealth v. Byrd, supra.*

*Moore* also involved an arson. In that case, the proof that criminal activity caused the loss was testimony of a witness who had heard the sounds of a scuffle before the fire broke out, and testimony of an expert on the causes of fires. The expert testified that the type of fire and its burn pattern indicated that "the fire was probably incendiary because the usual causes of accidental fires were not present," even though it "could have been started accidentally." 466 Pa. at 514, 353 A.2d at 810. The Court held this evidence sufficient, distinguishing *Leslie* on the basis of the difference in the experts' testimony. *Id.,* 466 Pa. 515–516 n. 3, 353 A.2d at 810 n. 3.

Ms. Jackson's testimony established only that the rug was lost. She did not testify at all about the cause of the loss as did the expert in *Moore.* She did not even express a suspicion, as did the expert in *Leslie.* The Commonwealth asks us to infer from her testimony that the cause of loss

was theft, but that inference is no more persuasive than that the cause of loss was accident. Indeed, the inference of theft is arguably less persuasive than the inference of accident, given Ms. Jackson's testimony that the other items missing at the January audit "have since been located" at another store.

The correctness of our conclusion is confirmed by *Commonwealth v. Gibson,* 201 Pa.Superior Ct. 573, 193 A.2d 690 (1963), which also involved inventory loss. In *Gibson,* a company's stock of drugs was inventoried on a daily basis. The loss was discovered on a Monday. The last inventory had been on the Friday afternoon before the weekend preceding the loss. The defendant, the shipping supervisor, was one of 36 employees having access to the stock, and was the only employee on the premises over the weekend. The Commonwealth also showed that a burglar alarm system protected most of the windows, and those not protected had not been tampered with or disturbed. Clearly, this circumstantial evidence that criminal activity caused the loss was far stronger than the evidence here. Here, not only did the evidence suggest that the rug might have disappeared because, like other items, it had accidentally been sent to another store, but the audits were conducted only every six months, and during that time, others than appellant had access to the stock.

■ In its opinion the lower court states, in support of its ruling that the Commonwealth proved the *corpus delicti,* that "The Pre-Sentence Investigation Report . . . amplified the evidence introduced at trial . . . ." The court then cites the report as saying that "an employee . . . saw [appellant] leave the rug department with the oriental." The court concludes by saying, "No reason appears in the record as to why this employee was not introduced as a witness." Slip op. at 4, n. 1. Since the employee was not introduced as a witness, the statement of what she saw is not evidence; it did not "amplif[y] the evidence introduced at trial;" and it should not have been cited by the lower court.

The judgment of sentence is reversed and the case is remanded for trial.

MONTGOMERY, J., files a dissenting statement.

MONTGOMERY, Judge, dissenting:

I respectfully dissent as I believe that the facts set forth in the majority opinion support the trial court's determination that the *corpus delicti* was proved and appellant's confession properly admitted. I would affirm the judgment of sentence.