657 A.2d 518

COMMONWEALTH of Pennsylvania

v.

Robert Eugene AHLBORN, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 10, 1995.

Decided March 6, 1995.

Reargument Denied May 16, 1995.

Jack W. Connor, Uniontown, for appellant.

Richard E. Bower, Asst. Dist. Atty., Uniontown, for Com.

Before CAVANAUGH, CIRILLO and SAYLOR, JJ.

CAVANAUGH, Judge:

Appellant was convicted by jury trial of burglary, theft by unlawful taking, and theft by receiving stolen property. He was subsequently sentenced to a term of incarceration of 3½ to 7 years, and fined $500. Post trial motions were filed and denied. This appeal from the judgment of sentence follows and requires us to determine whether the court's charge to the jury regarding the Commonwealth's burden of proof in establishing the corpus delicti for the crimes charged constituted reversible error. For the reasons set forth below, we conclude the charge was error, and accordingly, vacate the judgment of sentence and remand for a new trial.

On the morning of January 21, 1993, when Michael Sherwood, the victim of the burglary and theft for which appellant was convicted, departed for work at 6:30 A.M., the doors and windows to his home were locked and secured. Later that day, when he returned home from work at 4:15 P.M., he noticed that several screws securing the front window had been removed and that the window was wide open. Mr. Sherwood immediately inspected the residence and discovered that two hunting rifles he kept under his bed were missing. He called the police.

That same morning, at approximately 9:00 A.M., the appellant sold the two rifles in question to Brian Fisch for $250. Mr. Fisch, who had never met appellant prior to the transaction, testified that appellant stated that he owned the rifles and was selling them at an admittedly discount price because he needed to raise some money quickly in order to pay a fine

and thereby avoid being incarcerated for its non-payment. When Mr. Fisch directly asked appellant whether the rifles were stolen, appellant answered, "No."

The rifles were recovered by law enforcement officers and returned to Mr. Sherwood. As part of the investigation of the crime, Pennsylvania State Trooper, Omer Shankle, interviewed appellant. Prior to receiving Miranda warnings, appellant provided trooper Shankle with a statement wherein he confessed to entering the victim's home through the window, stealing the rifles and selling them.[1] Appellant's confession, as well as his statements to Mr. Fisch, were admitted into evidence at trial.

It was determined at trial that the victim's wife and appellant's wife are sisters. Further, it was established that on the day prior to the crime, the victim's wife, Mrs. Sherwood, moved out of the family home and took belongings from the home with her. Mr. Sherwood denied that Mrs. Sherwood moved in with appellant and his wife. Mr. Sherwood admitted however, that he did not know whether his wife took the rifles with her when she left. He further testified that it was possible she could have taken the rifles. He also testified that he did not know whether appellant had assisted Mrs. Sherwood in moving out, but later denied harboring any animosity towards appellant for having done so.

After the conclusion of closing arguments, appellant's trial counsel requested that the court charge the jury that it could not consider appellant's admissions or confession in its deliberations unless it was satisfied that the Commonwealth had proven the corpus delicti of the crimes charged beyond a reasonable doubt. The court denied appellant's request for charge over his objection of record.

In the present appeal, appellant alleges:

The trial court erred in failing to instruct the jury, pursuant to request of trial counsel, that they could not consider appellant's extra-judicial statements or admissions until the

1. The voluntariness of appellant's confession is not at issue in this appeal.

corpus delicti of the crimes charged were proven beyond a reasonable doubt.

We initially note that in reviewing a jury charge for reversible error, the charge must be read and considered as a whole. *Commonwealth v. Woodward*, 483 Pa. 1, 4, 394 A.2d 508, 510 (1978). If we conclude that the charge was erroneous, we will grant a new trial unless we determine the error to be harmless. *Commonwealth v. Story*, 476 Pa. 391, 405, 383 A.2d 155, 162 (1978). Whenever there is a reasonable possibility that an error might have contributed to the conviction, the error is not harmless. *Id.* at 405–06, 383 A.2d at 162. Finally, the trial court's jury instruction will be upheld if it adequately and accurately reflects the law and is sufficient to guide the jury through its deliberations. *Commonwealth v. Early*, 377 Pa.Super. 219, 227, 546 A.2d 1236, 1240 (1988), *appeal denied* 521 Pa. 629, 558 A.2d 531 (1989).

Instantly, the court's charge to the jury regarding the Commonwealth's burden of proof for the corpus delicti of the crimes charged was as follows:

> The Commonwealth, in this case, has introduced a statement which it claims was made by the defendant. Before you may consider this statement as evidence against the defendant, you must find that a crime was, in fact, committed, that the defendant, in fact, made the statement and that the statement was voluntary. Otherwise, you must disregard the statement. Each juror should ultimately decide these questions for himself or herself, and, thereby, individually accept or reject the defendant's statement as evidence. You must not allow the fact that I admitted the statement into evidence to influence you in any way during your deliberations.

Our review of the record, including the charge as a whole, as well as the party's briefs and pertinent decisional law persuades us that the aforementioned charge did not adequately and accurately reflect the law of this Commonwealth regarding the application of the corpus delicti rule and was insufficient to guide the jury through its deliberations. More-

over, we conclude that the erroneous charge was not harmless as there existed a reasonable possibility that its presentation to the jury contributed to appellant's conviction.

The corpus delicti rule begins with the proposition that a criminal conviction may not be based upon the extra-judicial confession of the accused unless it is corroborated by independent evidence establishing the corpus delicti. *Commonwealth v. Ware*, 459 Pa. 334, 329 A.2d 258 (1974). The corpus delicti, literally "the body of the crime," is defined as a wrong committed by criminal means, and consists of the occurrence of a loss or injury, and some person's criminal conduct as the source of that loss or injury. *Id.* at 365, 329 A.2d at 274. The criminal responsibility of a particular, identifiable person, e.g. the accused, is not a requirement of the rule. *Commonwealth v. Elder*, 305 Pa.Super. 49, 51, 451 A.2d 236, 237 (1982). The purpose of the rule is to prevent the use of hasty and unguarded confessions to convict an individual when no crime has been committed. *Commonwealth v. Fried*, 382 Pa.Super. 156, 160, 555 A.2d 119, 120 (1989), *appeal denied* 522 Pa. 623, 564 A.2d 915 (1989).

Under Pennsylvania law, the application of the corpus delicti rule occurs in two distinct phases. The first phase involves the court's application of a rule of evidence governing the threshold question of the admissibility of the confession. In this first phase of the rule's application, the court must determine whether the Commonwealth has proven the corpus delicti of the crimes charged by a mere preponderance of the evidence. If the court is satisfied that, on the evidence presented, it is more likely than not that a wrong has occurred through criminal agency, then the confession and/or admissions of the defendant are admissible. *Commonwealth v. Tallon*, 478 Pa. 468, 387 A.2d 77 (1978); *Commonwealth v. Drexel*, 349 Pa.Super. 335, 503 A.2d 27 (1986), *appeal denied* 514 Pa. 616, 521 A.2d 931 (1987).

The second phase of the rule's application occurs after a confession has already been admitted into evidence. After the court has made its initial determination that the Common-

wealth has proved the corpus delicti by a preponderance of the evidence and has ruled the confession to be admissible, the corpus delicti rule **additionally** requires that the Commonwealth prove to the **jury's satisfaction beyond a reasonable doubt,** the corpus delicti of the crimes charged. *Commonwealth v. Lettrich,* 346 Pa. 497, 502, 31 A.2d 155, 157 (1943); *Commonwealth v. May,* 451 Pa. 31, 301 A.2d 368 (1973); *Commonwealth v. Tallon,* 478 Pa. at 475–76, 387 A.2d at 81; *Commonwealth v. Fried,* 382 Pa.Super. at 161, 555 A.2d at 121. We note that the dual level of proof the corpus delicti rule requires is not without its critics.[2] We additionally note that other jurisdictions do not require a two-tiered, dual level of proof application of the rule.[3]

Nevertheless, the law of Pennsylvania continues to require that the Commonwealth prove the existence of the corpus delicti beyond a reasonable doubt before the jury may consider the defendant's confession. A jury instruction to that effect is, therefore, crucial, since the confession may be admitted into evidence upon a presentation of the corpus delicti by a mere preponderance.

In the instant case, the court's charge to the jury regarding the Commonwealth's burden of proof relative to

**2.** The Subcommittee which adopted the Pennsylvania Suggested Standard Jury Instructions, in its note regarding the standard instruction for corpus delicti, criticizes the two-tiered approach. The Subcommittee suggests that the two levels of proof the rule requires potentially confuses a jury. The Subcommittee further suggests that the purpose of the corpus delicti rule—to guard against convictions for non-existent crimes—would be adequately served by the lesser standard which, it suggests, should be administered solely by the court. Pennsylvania Suggested Standard Jury Instructions (Criminal), Subcommittee Note, 3.02A (rev. 1985).

**3.** In Virginia, the corpus delicti is an evidentiary question to be determined solely by the court based on a preponderance of the evidence presented. There exists no further review of the evidence's sufficiency by the jury. *Watkins v. Commonwealth,* 238 Va. 341, 385 S.E.2d 50 (1989).

Similarly, in Maine, "it is the *exclusive* function of the presiding Justice to determine the adequacy of an independent showing of corpus delicti as the pre-condition of the evidentiary admissibility of extra-judicial inculpatory statements of a defendant." *State v. Kelley,* 308 A.2d 877, 885 (Me.1973) (emphasis in original).

corpus delicti did not go far enough.[4] By merely charging that the jury had to be satisfied that a crime had, *in fact*, occurred, prior to considering the appellant's confession, the court effectively diluted the Commonwealth's burden of proof. The "in fact" terminology is indefinite and fails to articulate the mandated "beyond a reasonable doubt" standard, which is, of course, explained to the jury in every criminal charge. Accordingly, we find unpersuasive the court's contention that the "in fact" language it included in its charge presented a more stringent burden than the "beyond a reasonable doubt" standard the law requires.[5]

█ Having concluded that the court's charge was reversible error, we need not address appellant's remaining issue, but will briefly do so as it may effect re-trial. We find

4. The court's charge was a practically verbatim rendering of Pennsylvania Suggested Standard Jury Instruction (Criminal), 3.01, Defendant's Confession or Admission: General Introduction. This charge is intended to be given as an introduction to the actual corpus delicti charge. The court, however, did not include the last sentence of this introductory charge: "I shall now instruct you in more detail about the rules you must follow in dealing with the statement." Pa. SSJI (Crim.) 3.01. Nor did the court then further instruct the jury regarding the Commonwealth's burden of proof relative to corpus delicti.

5. We note that the Pennsylvania standard jury charge on corpus delicti contains the "reasonable doubt" requirement as follows:

1) As I told you, you may not consider the statement as evidence against the defendant unless you find that a crime was committed. In making this preliminary determination you may consider any direct or circumstantial evidence, apart from the statement itself, tending to prove or disprove a crime. This means you must disregard the statement unless you are satisfied beyond a reasonable doubt by the other evidence that an injury or loss occurred and that such injury or loss probably resulted from the commission of the crime of __ by someone. The other evidence need not tend to show that the crime was committed by the defendant, only that the crime was committed by someone. The other evidence need not rule out all possibility of accident, justification or excuse or other non-criminal means. It is enough if you are satisfied beyond a reasonable doubt that the circumstances are more consistent with the injury or loss having resulted from the crime of __ than from other means.

2) The object of these rules is to guard against convicting a person of a crime that never really happened even though he confessed to it.

Pennsylvania Suggested Standard Jury Instructions (Criminal), 3.02A, Defendant's Confession or Admission: Corpus Delicti, General (rev. 1985).

appellant's assertion that the court improperly admitted the appellant's confession and admissions to be without merit. As heretofore explained, the initial determination by the court regarding whether the Commonwealth has proved the corpus delicti, is judged by a preponderance of the evidence standard. Instantly, evidence was presented showing that the victim's home was secured when he left for work, that upon his arrival home some ten hours later, the front window was wide open and his rifles were missing. Concurrently, the appellant was in possession of the rifles and sold them. This evidence makes it more likely than not that a wrong had been perpetrated through criminal agency, and accordingly, the court's admission into evidence of appellant's confession and admissions was proper. However, due to the erroneous jury charge, we must vacate appellant's judgment of sentence and remand for a new trial.

Judgment of sentence vacated. New trial ordered. Jurisdiction relinquished.