## Commonwealth v. Perry

C.P. of Bucks County, no. 0160-10.

*Adam Heath Tanker,* for Commonwealth.

*Keith J. Bidlingmaier,* for defendant.

BATEMAN J., *J.*, February 1, 2011— On May 26, 2010, Sylvester Perry (hereinafter "appellant") was found guilty of possession with intent to deliver[1] and was sentenced to not less than three and one half nor more than seven years in a state correctional facility. On October 6, 2010, a reconsideration hearing was held and appellant

---

1. 35 P.S. 780-113 §§A30, amended by H.B. No. 196 effective January 23, 2011.

was resentenced to not less than three nor more than seven years in a state correctional facility. On October 28, 2010, appellant filed a notice of appeal with the Superior Court. On October 29, 2010, appellant was directed to file a concise statement of errors complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b) and did so on November 12, 2010. We file this supplemental opinion pursuant to Pennsylvania Rule of Appellate Procedure § 1925(a).

## PROCEDURAL AND FACTUAL BACKGROUND

On August 20, 2009, at about 7:10 p.m., Officer Anthony Durle along with his partner, Officer Ed O'Brien, were patrolling the Venice-Ashby section of Bristol Township, Bucks County. N.T. 5/26/10 p. 43. They received a call from Officer Dennis Leighton[2] to respond to the area of Foster Avenue. Officer Leighton reported observing a white male, later identified as Andrew Valentis, on a bicycle stopped at the curb engaged in a conversation with appellant. Officer Leighton then observed the two engage in what appeared to be a hand-to-hand transaction. This conclusion was based on the fact that when Valentis retrieved his hand from the handshake with appellant, his hand was cupped and the Valentis immediately placed his hand into his front right pocket and left. N.T. 5/26/10 p. 58. Officer Leighton provided Officers Durle and O'Brien with a description of Valentis. N.T. 5/26/10 p. 44. All three officers came into contact with Valentis approximately 300 meters from the sight of the transaction, and a search of

---

2. Officer Leighton is employed with the Bristol Township police in the gang suppression unit and narcotics unit at the township. In addition, he also does work for the FBI as a task force officer. N.T. 5/26/10 p. 53. Officer Leighton has received training in narcotics investigations from the DEA as well as the ATF and FBI. N.T. 5/26/10 p. 55.

his person turned up a blue-tinted plastic bag, half-inch by half-inch in size, containing crack cocaine.[3] N.T. 5/26/10 p. 45, 61-62. This time elapsed between the transaction and the stop of Valentis was approximately two to three minutes. N.T. 5/26/10 p. 63. Upon discovering the crack cocaine, Officer Leighton radioed Officer Phillips and Officer Sarcewicz and instructed them to detain appellant. N.T. 5/26/10 p. 62. Incident to arrest, the Officer Phillips recovered a black cap that appellant was wearing, a silver wristwatch, a gold ring, and $49 in U.S. currency in the form of one $20 bill, two $10 dollar bills, one $5 bill, and four $1 bills from appellant's person. N.T. 5/26/10 p. 90.

Appellant was transported back to the station, placed in an interview room, and read his *Miranda*[4] rights. Appellant waived his rights and at first denied any involvement, but then stated that he had sold a "dime bag" to "the white male on the bike," but that he was only doing it to help out an individual named Marcus Neil. N.T. 5/26/10 p. 68, 92, 95. Based on his experience and training, Officer Leighton understood a "dime bag" to be .05 grams of crack cocaine with a monetary value of $10. N.T. 5/26/10 p. 71-72.

Pre-trial hearings were held on May 26, 2010 on appellant's petition for haebas corpus wherein appellant made two arguments: insufficiency of the evidence and a corpus delecti argument. At the conclusion of the hearing, the petition was denied. N.T. 5/26/10 p.26. At that time, appellant knowingly and intelligently waived his right to a jury trial. N.T. 5/26/10 p. 33. Defense counsel then

---

3. Appellant and his counsel entered into a stipulation with the Commonwealth regarding the chain of custody of the drugs as well as the lab results. N.T. 5/26/10 p. 102.

4. *Miranda v. Arizona*, 86 S. Ct. 1602 (U.S. 1966).

indicated that he and appellant had established that though counsel was court-appointed, appellant would be representing himself to an extent with counsel serving as stand-by counsel. N.T. 5/26/10 p. 36. It was further discussed that while counsel would handle the majority of the trial, including cross examining witnesses, there may be times that appellant would want to interject and represent himself in certain matters. N.T. 5/26/10 p. 37.

With that, a bench trial commenced. At the conclusion of the Commonwealth's case-in-chief, appellant made a motion to dismiss based upon the Commonwealth's failing to prove beyond a reasonable doubt that appellant delivered the controlled substance arguing that before appellant's confession may be considered, the Commonwealth is required to prove the existence of the corpus delicti. N.T. 5/26/10 pp. 106-111. After lengthy legal argument, the motion was denied, and appellant took the stand. N.T. 5/26/10 p. 130. During his testimony, appellant denied selling drugs and denied making the statement that Officer Leighton and Officer Phillips testified to. N.T. 5/26/10 pp. 130-152. With that, the defense rested. N.T. 5/26/10 p. 152. Closing arguments were made by both defense counsel and the Commonwealth, and the court adjourned for the day.

The trial resumed the next day, and at the outset, defense counsel noted that appellant had something he himself wished to introduce into evidence. Based upon appellant's personal request to open the case and there being no objection from the Commonwealth, the case was reopened. N.T. 5/27/10 pp. 1-5. At that time, appellant introduced D-2, a statement from Valentis stating that he had been sold crack cocaine on the night in question, but

it did not identify appellant as the seller. Defense counsel and the Commonwealth presented legal argument once again, at the close, appellant was found guilty.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Appellant raises only one issue on appeal: whether the trial court erred in allowing evidence of appellant's statement without proof of the corpus delicti of the crime with which he was charged.

## DISCUSSION

The instant appeal alleges that the Commonwealth failed to meet its burden to establish corpus delicti, and therefore, the statement made by appellant to Officer Leighton and Officer Phillips was not admissible.

The rule of corpus delicti operates to establish a foundation for the admission of a defendant's extrajudicial confession. The rule is grounded in the reluctance of the judicial system to convict a person of a crime solely on the basis of his or her own statements. *Commonwealth v. Buck*, 626 A.2d 176 (Pa. Super. 1993). The rule requires that the fact that a crime has been committed must be corroborated by independent evidence. *Commonwealth v. Bardo*, 551 Pa. 140, 709 A.2d 871 (Pa. 1998), cert. denied, 119 S.Ct. 350 (U.S. 1998).

The corpus delicti rule involves two phases. First, the Commonwealth must prove, by a preponderance of the evidence, that a crime has been committed. *Commonwealth v. Ahlborn*, 657 A.2d 518 (Pa. Super. 1995). This is a threshold question of the admissibility of the accused's confession and requires a showing of a specific kind of

injury or loss and that someone's criminality caused the loss. *Id.* This prong does not require the Commonwealth to establish any connections between the accused and the crime, merely that a crime has been committed. *Commonwealth v. Meder*, 611 A.2d 213 (Pa. Super. 1992). The second prong's applicability comes after the confession has been admitted and requires the Commonwealth to prove the corpus delicti of the crime beyond a reasonable doubt. *Ahlborn*, 657 A.2d 518; see also, *Commonwealth v. Chambliss*, 847 A.2d 115 (Pa. Super. 2004).

In the case sub judice, a thorough review of the record indicates that the Commonwealth has satisfied both phases discussed above, and appellant's claim is without merit. The Commonwealth must first establish, by a preponderance of the evidence and without appellant's confession, that a crime has been committed. Officer Leighton testified that he observed a hand-to-hand transaction occurred, that one of the parties to the transaction was Valentis and a subsequent search of Valentis resulted in the recovery of .05 grams of crack cocaine. Furthermore, appellant introduced a statement, written by Valentis, stating that he was sold crack cocaine on the night in question. Officer Leighton identified appellant as the other party to the transaction, but this is not necessary as the Commonwealth is not required to connect the crime to appellant. We reiterate now, as we did during the trial, that we find Officer Leighton's testimony to be clear and credible in its entirety. In addition, we disregard appellant's testimony in that it conflicts with Officer Leighton's credible testimony and is self-serving. Based on these facts, the Commonwealth has proved that a crime has been committed by a preponderance of the evidence.

Next, the Commonwealth must prove beyond a reasonable doubt, the corpus delicti of the crime. Officer Leighton testified that appellant confessed to having sold Valentis the drugs, but that appellant stated he was doing it to help out another person. This testimony was corroborated by Officer Phillips, who was also present for the interrogation. Furthermore, the hat taken from appellant at the time of his arrest matched the description provided by Officer Leighton at the time of the incident. Within minutes of discovering the crack cocaine on Valentis, Officer Leighton radioed to two other officers to detain appellant, referring to him by name, and positively identified appellant when Officer Leighton returned to the scene. These facts, taken together with those discussed supra., demonstrates that the Commonwealth has proved the corpus delicti of the crime beyond a reasonable doubt.

## CONCLUSION

For the reasons stated above, appellant's claim is without merit.