J-S57041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KAREEM R. JOHNSON | |
| Appellant | No. 555 EDA 2013 |

Appeal from the Judgment of Sentence entered September 21, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006455-2011

BEFORE:  MUNDY, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.                    **FILED MARCH 23, 2016**

Appellant, Kareem R. Johnson, appeals from the September 21, 2012 judgment of sentence entered in the Court of Common Pleas of Philadelphia County (trial court).  Following his convictions of carrying a firearm without a license, carrying a firearm in public in the city and county of Philadelphia, possession of an instrument of crime, and recklessly endangering another person,[1] Appellant was sentenced to two to four years of incarceration to be followed by three years of reporting probation.  Upon review, we affirm.

On November 12, 2010, Appellant was detained by Temple University Police Officer Sean Rickey at 3314 North 15th Street in the city and county of

_____

[1] 18 Pa.C.S.A. § 6106, 18 Pa.C.S.A. § 6108, 18 Pa.C.S.A. § 907(a), 18 Pa.C.S.A. § 2705, respectively.

Philadelphia.[2] According to his testimony, Officer Rickey detained Appellant because he matched the description of a suspect given to Officer Rickey over police radio. While Appellant was detained, police discovered a loaded firearm underneath the cap of a truck in a vacant public lot at or near 3306 North 15th Street approximately 50-70 feet from where Appellant was detained. After the firearm was recovered, Officer Rickey secured the firearm and, in the process of doing so, found that the weapon was operable and had been fired once at some point in time.

Appellant was taken into police custody. While in custody, Appellant gave a written signed statement to Detective Timothy Veal reproduced, in pertinent part, below.

> **Appellant**: I was walking down Ontario [Street] and two Puerto Rican guys came riding by, saying they had bud out, meaning that they were selling purple haze. . . .
>
> I was going to buy some, so I got [in]to the back seat of their car. I started peeling off my money. And one of them was like, what you got, you got twenties? I was like, no, I got a fifty. He was like give that "s" up.
>
> That's when I opened the door a little bit. I don't think they really had weed from the beginning. Then he pulled out a little gun, like a twenty-five and pointed it at me. The car was slowing down and I got out. And they got out behind me, still trying to grab in my pockets. They was trying to rip my pockets open. I was tussling with them, trying to protect my money, my

_____

[2] Unless another source is cited, these facts are taken from pages four through seven of the trial court's February 26, 2015 Pa.R.A.P. 1925(a) opinion.

rent money. I fell backwards and they were trying to kick me. It took me a little while to get up.

After I got up, a lady in the Temple security booth was screaming "stop, stop." Then I shot one time at the ground to back them up off of me. They backed up and got back into the car. I started limping off.

**Question**: Did you shoot anyone?

**Appellant**: No.

**Question**: Where did you get the gun from?

**Appellant**: I just had it for protection. I've been shot seven times.

. . . .

**Question**: Did you [know] that the gun was stolen?

**Appellant:** Not at all.

. . . .

**Question**: What did you do with the gun after you shot it?

**Appellant**: The guy who I told you came over and asked if I was all right, he took it and threw it up the street for me.

. . . .

**Question**: What kind of gun did you have?

**Appellant**: It was a .22 caliber and it had nine shots in [it].

N.T. Trial, 8/2/15, at 23-25. Appellant filed a motion to suppress his signed statement. Following a hearing, the trial court denied Appellant's suppression motion.

A waiver trial was held beginning on June 25, 2012. During trial, Appellant challenged the admission of his signed statement into evidence under the *corpus delicti* rule. The trial court requested that the parties submit briefs on the issue. When the waiver trial resumed on August 2, 2012, the trial court found that the Commonwealth had met its initial burden of proof under the *corpus delicti* rule as the evidence established "that a wrong did occur under the facts of this case through a criminal agency." ***Id.*** at 15. The trial court therefore admitted Appellant's signed statement into evidence. The trial court subsequently found Appellant guilty of all charges. Following a sentencing hearing on September 21, 2012, Appellant timely filed a post-sentence motion. Appellant's post-sentence motion was denied, and Appellant timely appealed to this Court.

As ordered by the trial court, Appellant filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court then filed a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises one issue for our review:

> The lower court erred and violated the *corpus delicti* rule when it first, admitted Appellant's statement in[to] evidence even though the Commonwealth failed to establish a crime had occurred by a preponderance of the evidence and second, when it considered the statement during deliberation of the verdict even though the Commonwealth failed to prove that a crime had occurred beyond a reasonable doubt.

Appellant's Brief at 14.

In **Commonwealth v. Young**, 904 A.2d 947 (Pa. Super. 2006), this Court explained:

> The *corpus delicti* rule is designed to guard against the 'hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed.' The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. The *corpus delicti* may be established by circumstantial evidence. Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step concerns the trial judge's *admission* of the accused's statements and the second step concerns the fact finder's *consideration* of those statements. In order for the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

**Id.** at 956 (quoting **Commonwealth v. Rivera**, 828 A.2d 1094, 1103–1104, n. 10 (Pa. Super. 2003) *appeal denied,* 577 Pa. 672, 842 A.2d 406 (2004) (citations omitted) (emphasis in original).

As stated above, our standard of review for a challenge to an evidentiary ruling is limited to a determination of whether the trial court abused its discretion. "An abuse of discretion is more than just an error in

judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Johnson*, 107 A.3d 52, 68 (Pa. 2014).

Appellant argues that the Commonwealth failed to establish any crime charged by a preponderance of the evidence independent of Appellant's signed statement, and, therefore, the trial court should not have admitted his statement into evidence under the first phase of the *corpus delicti* rule. Appellant's Brief at 17. Appellant asserts that no one saw him with a weapon and there was nothing to connect him to the recovered firearm except for his statement. Alternatively, Appellant argues that, even with the admission of his statement into evidence, the Commonwealth still failed to prove the *corpus* of any crime beyond a reasonable doubt under the second phase of the *corpus delicti* rule. *Id.* at 19.

The Commonwealth asserts that it proved the *corpus delicti* of 18 Pa.C.S.A. § 6108, carrying a firearm in public in Philadelphia, by a preponderance of the evidence.[3] Commonwealth's Brief at 8. The

_____

[3] Section 6108 of the Crimes Codes provides as follows:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
>     (1) such person is licensed to carry a firearm; or

*(Footnote Continued Next Page)*

Commonwealth argues that the fact the firearm was operable, loaded, and recovered from underneath the cap of a truck that was up on blocks 50-70 feet from where Appellant was detained, in conjunction with Temple University security camera photographs depicting an individual holding a black object, was sufficient to establish the *corpus delicti* of section 6108.[4]

For Appellant's signed statement to be properly admitted under the first phase of the *corpus delicti* rule, the Commonwealth was required to prove, by a preponderance of the evidence, the *corpus delicti* of carrying a firearm in public in Philadelphia. The *corpus delicti* of carrying a firearm in public in Philadelphia requires the Commonwealth to prove only that someone carried a firearm on public streets or on any public property in the city of Philadelphia. *See **Commonwealth v. Ahlborn***, 657 A.2d 518, 520 (Pa. Super. 1995) ("The *corpus delicti* . . . consists of the occurrence of a loss or injury, and some person's criminal conduct as the source of that loss or injury. The criminal responsibility of a particular, identifiable person, e.g.

*(Footnote Continued)* ───────────────

> (2) such person is exempt from licensing under 6106(b) of this title (relating to firearms not to be carried without a license.

18 Pa.C.S.A. § 6108.

[4] The Commonwealth also argues that the fact that the recovered weapon was in stolen status is enough to establish the *corpus delicti* of section 6108 because no individual, even if licensed to carry a firearm, can lawfully possess a stolen firearm. Given our disposition, we need not address this argument.

the accused, is not a requirement of the rule."). As previously stated, police recovered the firearm from underneath the cap of a truck in a vacant public lot at 3306 North 15[th] Street approximately 50-70 feet from where Appellant was detained. Security photographs taken from a nearby Temple University security booth depicted an individual with a black object in his hand. Taken together, there was sufficient evidence to establish the crime of carrying a firearm in public by a preponderance of the evidence, because the firearm was located in a public space and, logically, someone had to have carried it there. Therefore, the trial court did not abuse its discretion by allowing admission of Appellant's signed statement as evidence. *See Ahlborn*, 657 A.2d at 521.

The second step of the *corpus delicti* process involves the fact finder's consideration of the inculpatory statement and requires that the Commonwealth establish the *corpus delicti* beyond a reasonable doubt. *Young*, 904 A.2d at 956. As this Court explained in *Ahlborn*,

> After the court has made its initial determination that the Commonwealth has proved the corpus delicti by a preponderance of the evidence and has ruled the confession to be admissible, the corpus delicti rule **additionally** requires that the Commonwealth prove to the **[fact finder's] satisfaction beyond a reasonable doubt,** the corpus delicti of the crimes charged.

*Id.* at 521. Circumstantial evidence is sufficient to prove *corpus delicti*. *Young*, 904 A.2d at 956. Here, the firearm at issue was discovered underneath the cap of a truck in a vacant public lot near 3306 North 15th

- 8 -

Street in Philadelphia. Photographs taken from a nearby Temple University security booth depicted an individual with a black object in his hand. The evidence, while circumstantial, was sufficient for the trial court, as fact finder, to find beyond a reasonable doubt the *corpus delicti* of carrying a firearm in public in Philadelphia. We therefore discern no abuse of discretion or error of law in the trial court's ruling with respect to Appellant's statement.

With regard to the remaining charges against Appellant, we look to the "closely related crimes exception" to the *corpus delicti* rule. That exception provides that extrajudicial statements may be admissible as evidence of the commission of the other crimes charged. "[The closely related crimes] exception comes into play where an accused is charged with more than one crime, and the accused makes a statement related to all the crimes charged, but the prosecution is only able to establish the corpus delicti of one of the crimes charged." *Commonwealth v. Bardo*, 709 A.2d 871, 874 (Pa. 1998) (citation omitted).

> The purpose behind the *corpus delicti* rule is the ultimate consideration in determining whether two crimes are closely related so as to implicate the [closely related crimes] exception. Where the relationship between the crimes to which the defendant has confessed is close and the policy underlying the *corpus delicti* rule—to avoid convictions for crimes that did not occur—is not violated, the exception renders the confession admissible for all closely related crimes.

*Commonwealth v. Taylor*, 831 A.2d 587, 595-96 (Pa. 2003). Appellant's charge of carrying a firearm in public in Philadelphia shares a close

relationship with his charges of carrying a firearm without a license, possession of an instrument of crime, and recklessly endangering another person such that admission of Appellant's signed statement regarding these charges did not violate the *corpus delicti* rule. Therefore, because the Commonwealth proved the *corpus delicti* of carrying a firearm in public in Philadelphia, Appellant's confession was allowed to be admitted as evidence of related charges under the closely related crimes exception. ***Taylor***, 831 A.2d at 594 ("[R]equiring the relationship between the crimes to be sufficiently close so as to avoid admitting a confession for a crime that did not occur, is the proper test for determining whether the closely related crimes exception to the *corpus delicti* rule applies."); ***Bardo***, 709 A.2d at 874 ("Here, appellant's confession related to two crimes and the Commonwealth's evidence established the *corpus delicti* of only one crime . . . . [T]he confession is admissible as to both crimes, for the relationship between the two crimes is close and the policy underlying the *corpus delicti* rule has not been violated.").

We find no abuse of discretion in the trial court's evidentiary ruling. Therefore, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Mundy joins the memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/23/2016</u>