**COMMONWEALTH of Pennsylvania, Appellee**

v.

**James CHAMBLISS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 12, 2004.

Filed April 6, 2004.

---

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before: JOYCE, OLSZEWSKI and JOHNSON, JJ.

JOYCE, J.

¶ 1 Appellant, James Chambliss, appeals from the November 22, 2002 judgment of sentence imposed in the Court of Common Pleas of Philadelphia County. For the following reasons, we vacate Appellant's judgment of sentence and remand for a new trial. The relevant facts and procedural history of this case are as follows.

¶ 2 On March 9, 2002, the Commonwealth charged Appellant with theft by unlawful taking or disposition, graded as a felony of the third degree, and receiving stolen property, graded as a felony of the third degree.[1] The Commonwealth based these charges upon allegations that Appellant stole cartons of cigarettes, valued in excess of $2000.00, from Acme Market, a grocery store located at 5927 Ridge Avenue in Philadelphia, Pennsylvania. The case proceeded to a bench trial on November 22, 2002, and the Commonwealth pre-

---

1. 18 Pa.C.S.A. §§ 3921 and 3925.

sented the testimony of John Kelley and Bill Naphys. The trial court, sitting as fact-finder, summarized the Commonwealth's evidence and the testimony of the Commonwealth's witnesses as follows:

> The Commonwealth presented the testimony of Mr. John Kelley, manager of the Acme Market at 5927 Ridge Avenue in Philadelphia. Mr. Kelley testified that [Appellant] was employed by Acme as a night crew stocker working from 11:00 P.M. until 7:30 A.M. and had worked the night of January 6, 2002. When Mr. Kelley reported to work at 7:30 A.M. on January 7, 2002, an associate called him over and pointed out that an Acme bag filled with approximately fifteen cartons of cigarettes was behind the customer service counter. (Notes of Testimony, Waiver Trial, November 11, 2002, pages 9 to 12). Several days after January 7, 2002, Mr. Kelley viewed a store video from 1/6/02 showing [Appellant] taking bags from a checkout booth, going over to the customer service counter, placing the bags behind the counter, filling the bags with cartons of cigarettes, and leaving the store with a bag in his hand. (NT, supra, pages 22–23). The court reviewed the video and it was admitted into evidence [as Commonwealth Exhibit "C–1"]. (NT, supra, pages 23–29).

> The Commonwealth called Mr. Bill Naphys, an Acme loss prevention specialist to testify.... Mr. Naphys ... testified that on February 15, 2002, he interviewed [Appellant] and that [Appellant] admitted that he took cigarettes and sold them to friends. [Appellant] prepared and signed a statement [marked as Commonwealth Exhibit "C–2"] indicating that he took cigarettes four (4) times a month and sold them and was willing to pay back $30.00 monthly. (NT, supra, page 42 to 45).

> The Commonwealth recalled John Kelley. Mr. Kelley testified on redirect that there was a shortfall in the general merchandise department, that the general merchandise department includes cigarettes and other items, and that for the quarter that encompassed the period of time of the incident there was a shortfall in excess of $15,000.00. He could not say how much of that shortfall was for cigarettes. (NT, supra, page 56 to 57).

Trial Court Opinion, 5/2/03, at 4–5.

¶ 3 After a consideration of the aforementioned evidence, the trial court convicted Appellant of theft and receiving stolen property but reduced the grading of the offenses to third-degree misdemeanors. The trial court reduced the grade from third-degree felonies because the Commonwealth failed to produce any evidence to establish the value of the stolen merchandise. *See* 18 Pa.C.S.A. § 3903 (stating that (1) a theft offense may be graded as a felony of the third degree if the Commonwealth demonstrates that, *inter alia,* the value of the stolen merchandise exceeded $2000.00 and (2) a theft offense must be graded as a misdemeanor of the third degree if the amount of the stolen merchandise did not exceed $50.00). Immediately after this determination of guilt, the parties proceeded to sentencing. The trial court imposed a three to twenty-three month term of imprisonment on the theft conviction and determined that the receiving stolen property conviction merged for sentencing purposes. Appellant filed a timely appeal, and a concise statement of matters complained of on appeal as directed by the trial court. *See* Pa.R.A.P. 1925(b). The trial court drafted an opinion addressing each of the issues raised in the 1925(b) statement.

¶ 4 In his brief, Appellant raises the following issues for our review:

1. Did not the lower court err in admitting and later considering [A]ppellant's statement inasmuch as the Commonwealth did not establish a *corpus* for its admission into evidence or establish a *corpus* by the higher standard of beyond a reasonable doubt required for its consideration by the factfinder at the deliberation stage?

2. Must not [A]ppellant's sentence of three to twenty-three (23) months for theft, graded as a misdemeanor of the third degree, be vacated as the maximum sentence imposed in the instant case exceeds the maximum penalty of one year for an offense graded as a misdemeanor of the third degree?

Appellant's Brief, at 3.

¶ 5 In his first issue, Appellant argues that the trial court erred when it permitted the Commonwealth to introduce Appellant's confession since the Commonwealth failed to establish the *corpus delicti* of theft and receiving stolen property by a preponderance of the evidence during its case-in-chief. Appellant's Brief, at 13. Additionally, Appellant maintains that the trial court erred when it considered Appellant's confession during its deliberations since the Commonwealth had not demonstrated the *corpus delicti* of either of these crimes beyond a reasonable doubt. *Id.* Specifically, Appellant contends that the Commonwealth's primary piece of evidence, a surveillance videotape, only showed Appellant taking an empty bag to the customer service counter and then heading toward an exit with a bag in hand.[2] *Id.* Appellant maintains that the videotape does not actually show Appellant placing the cigarettes in the bag. *Id.* Additionally, Appellant argues that the Commonwealth never introduced any evidence

to demonstrate that the store had actually lost any cigarettes from its inventory during the relevant time period. *Id.* at 14. In view of this evidence, Appellant contends that the Commonwealth did not prove that any individual actually stole any cigarettes. *Id.*

¶ 6 When reviewing an appellant's claim that the trial court has violated the *corpus delicti* rule, we are governed by the following considerations:

The *corpus delicti* rule begins with the proposition that a criminal conviction may not be based upon the extra-judicial confession of the accused unless it is corroborated by independent evidence establishing the *corpus delicti*. The *corpus delicti*, literally "the body of the crime," is defined as a wrong committed by criminal means, and consists of the occurrence of a loss or injury, and some person's criminal conduct as the source of that loss or injury. The criminal responsibility of a particular, identifiable person, e.g. the accused, is not a requirement of the rule. The purpose of the rule is to prevent the use of hasty and unguarded confessions to convict an individual where no crime has been committed.

Under Pennsylvania law, the application of the *corpus delicti* rule occurs in two distinct phases. The first phase involves the court's application of a rule of evidence governing the threshold question of the admissibility of the confession. In this first phase of the rule's application, the court must determine whether the Commonwealth has proven the *corpus delicti* of the crimes charged by a mere preponderance of the evidence. If the court is satisfied that, on the evidence presented, it is more likely than not that a wrong has occurred through

---

2. We note that the certified record does not contain the surveillance videotape.

criminal agency, then the confession and/or admissions of the defendant are admissible.

The second phase of the rule's application occurs after a confession has already been admitted into evidence. After the court has made its initial determination that the Commonwealth has proven the *corpus delicti* by a preponderance of the evidence and has ruled the confession to be admissible, the *corpus delicti* rule **additionally** requires that the Commonwealth prove to the **jury's satisfaction beyond a reasonable doubt**, the *corpus delicti* of the crimes charged....

[T]he law of Pennsylvania continues to require that the Commonwealth prove the existence of the *corpus delicti* beyond a reasonable doubt before the jury may consider the defendant's confession.

*Commonwealth v. Ahlborn,* 441 Pa.Super. 296, 657 A.2d 518, 520–1 (1995) (internal quotations and citations omitted) (emphasis in original); *see also Commonwealth v. Reyes,* 545 Pa. 374, 681 A.2d 724 (1996), *cert. denied,* 520 U.S. 1174, 117 S.Ct. 1445, 137 L.Ed.2d 551 (1997).

¶ 7 To establish the *corpus delicti* of theft by unlawful taking, the Commonwealth must show that an individual unlawfully took, or exercised unlawful control over, the movable property of another with the intent to deprive him of the property. *See* 18 Pa.C.S.A. § 3921(a). Additionally, to demonstrate the *corpus delicti* of the crime of receiving stolen property, the Commonwealth must establish that a person intentionally received, retained or disposed of the movable property of another knowing that it has been stolen, unless the property is received, retained, or disposed with the intent to restore the property to the owner. *See* 18 Pa.C.S.A. § 3925.

¶ 8 In the instant case, Appellant first argues that the trial court should not have permitted the Commonwealth to introduce Appellant's confession because the Commonwealth did not establish the *corpus delicti* of theft and receiving stolen property by a preponderance of the evidence. Our review of the record reveals, however, that Appellant never objected to the admissibility of the confession at the time the Commonwealth introduced the evidence. Rather, Appellant's counsel first acknowledged the existence of "a *corpus* issue" after the Commonwealth and defense rested. N.T. Trial, 11/22/02, at 60. In response to this objection, the trial court informed Appellant's counsel that his objection was untimely. As Appellant did not raise any objection to the Commonwealth's admission of this evidence during the Commonwealth's presentation of this evidence, we do not find that Appellant has properly preserved a challenge to the admissibility of the confession. *See* Pa.R.E. 103 (stating that an appellant may not predicate a claim of error on a ruling that admits evidence unless a timely objection, motion to strike or motion *in limine* appears of record and states the specific ground of the objection); *Commonwealth v. Kuterbach,* 458 Pa. 318, 326 A.2d 283 (1974) (holding that an appellant's challenge to the admissibility of evidence is waived if the appellant does not challenge the evidence when it was offered). As such, we may not find that the trial court erred in admitting this evidence.

¶ 9 Nevertheless, Appellant also maintains that the trial court, as fact finder, should not have considered his confession in the guilt determination phase since the Commonwealth had not established the *corpus delicti* beyond a reasonable doubt. For the following reasons, we find that Appellant properly preserved this chal-

lenge and that the trial court erred in its application of the *corpus delicti* rule.

¶ 10 As discussed *supra,* Appellant's counsel first notified the trial court that the admission of Appellant's confession required a consideration of the *corpus delicti* rule during closing argument. When counsel brought this issue to the trial court's attention, the trial court responded, "You never objected to corpus. It's too late to argue it now. You should have objected. That would have been a good objection." N.T. Trial, 11/22/02, at 59. Immediately thereafter, the trial court asked the Commonwealth to present its closing argument. At the conclusion of the Commonwealth's closing argument, the trial court convicted Appellant of the aforementioned offenses. *Id.* at 63.

¶ 11 We do not find that counsel's failure to raise a timely *corpus delicti* challenge to the admissibility of the confession prevents counsel from invoking the rule prior to the factfinder's deliberations. As the courts of this Commonwealth have routinely stated, the *corpus delicti* rule places two distinct burdens on the Commonwealth. *See Ahlborn, supra; Reyes, supra.* The first arises during the Commonwealth's presentation of the evidence and concerns the admissibility of the evidence, while the second arises before the factfinder's deliberations and concerns the quantum of evidence necessary before a factfinder may consider a defendant's extrajudicial confession. While we recognize that counsel did not specify, during argument, whether he sought to challenge the first, the second, or both prongs of the rule, we find that the trial court did not afford counsel the opportunity to develop this argument. By identifying "a corpus issue" prior to the factfinder's deliberations, we find that counsel has sufficiently preserved a challenge to the trial court's application of the second prong.

¶ 12 In its opinion, the trial court explained that the Commonwealth had satisfied the second-prong of the *corpus delicti* rule through the presentation of testimony, the surveillance tape and Appellant's confession. *See* Trial Court Opinion, 5/2/03, at 9. Additionally, the trial court cited our Court's decision in *Commonwealth v. Friend,* 717 A.2d 568, 570 (Pa.Super.1998) as support for the proposition that the fact-finder may consider the defendant's inculpatory statements in determining whether the Commonwealth established the *corpus delicti* beyond a reasonable doubt.

¶ 13 Upon our review of this explanation, we find that the trial court improperly applied the second prong of the *corpus delicti* rule. As our Supreme Court emphasized in *Reyes,* the factfinder may not consider the extra-judicial confession of the defendant until it has determined that the Commonwealth established the *corpus delicti* beyond a reasonable doubt. *Id.* at 384–85, 681 A.2d at 729. To the extent that our Court's decision in *Friend* stands for a contradictory proposition, we may not rely upon it. In view of the trial court's error, we must reverse and remand for a new trial.

¶ 14 Judgment of sentence vacated, and case remanded for a new trial. Jurisdiction relinquished.