J-S45045-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SAMEER MITCHELL-WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 3394 EDA 2016 |

Appeal from the Judgement of Sentence June 9, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002268-2015
CP-51-CR-0002278-2015

BEFORE:    GANTMAN, P.J., PANELLA, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 07, 2017**

Sameer Mitchell-Williams (Appellant) appeals from the judgment of sentence imposed on his conviction for, *inter alia*, firearms not to be carried without a license.   On appeal, Appellant claims that there was insufficient evidence to support his conviction for the above-mentioned crime because the trial court erred in admitting into evidence his own statements to the police in violation of the *corpus delicti* rule.   We disagree and affirm Appellant's judgment of sentence.

The trial court ably summarized the factual history of this case.

> [During Appellant's non-jury trial for the aforementioned charges,] Detective Grace testified that on January 15, 2015, he was conducting an investigation into a shooting in the vicinity of 10th and Olney Streets.   In the course of that investigation he went to the hospital to interview [Appellant] who was believed to be the victim of a shooting.

---

*Retired Senior Judge assigned to the Superior Court.

[Appellant] had a gunshot wound to his leg.

[Appellant] gave an interview to Detective Grace, wherein [Appellant] described being accosted by men. [Appellant] stated that he was in possession of a gun during the incident which was tucked into the front of his waist. [Appellant] further acknowledged that he did not have a permit to carry a gun. [Appellant] stated that his gun, which he had owned for about two years, was a black, .40 caliber Smith and Wesson, which the men took from him during the incident. [Appellant] reviewed and signed the statement. [Appellant] did not have a valid license to carry a firearm.

Detectives obtained a search warrant for [Appellant's] address. During execution of that warrant, police recovered from a second floor rear bedroom $530 in United States [c]urrency [] from under the mattress, two clear plastic bags containing a total of 4.9 grams of marijuana, three digital scales, [Appellant's] identification and a box of Remington [.]40-caliber ammunition, containing nine live [.]40-caliber rounds and a case of new, unused green plastic containers with lids.

… [Another police officer, testifying as an expert,] rendered the opinion that the marijuana was possessed with intent to deliver. …

[Appellant] testified that he did not own a gun and did not have a gun at the time of the incident during which he was shot. He further testified that the box of ammunition was the remains of a box purchased for use at a firing range where he would rent a gun for practice. [Appellant] testified that the portions of the [written] statement [signed by Appellant and introduced by the Commonwealth] regarding possession of a gun were made up by Detective Grace, and that pages 1-2 containing those portions were never shown to [Appellant] before he signed the third page.

Trial Court Opinion, 1/19/2017, at 3-4 (internal citations omitted).

At the conclusion of Appellant's non-jury trial on April 1, 2016, the trial court found Appellant guilty of possession with intent to deliver controlled

substances, possession of a controlled substance, possession of drug paraphernalia, firearms not to be carried without a license, and carrying firearms in public in Philadelphia. On June 9, 2016, Appellant was sentenced to concurrent terms of one-and-one-half to five years of incarceration each for possession with intent to deliver controlled substances, firearms not to be carried without a license, and carrying firearms in public in Philadelphia. His conviction for a possession of controlled substance merged for purposes of sentencing, and no further penalty was imposed for possession of drug paraphernalia.

Appellant's post-sentence motion was denied by the trial court on October 12, 2016. Appellant timely filed a notice of appeal. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), noting that Appellant failed to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b) as ordered by the court. Appellant subsequently filed a concise statement, which was accepted by the trial court *nunc pro tunc*.

On appeal, Appellant asks this Court to determine whether the Commonwealth proved that Appellant possessed an unlicensed firearm beyond a reasonable doubt with admissible evidence. Appellant's Brief at 5. Appellant argues that the Commonwealth failed to prove the elements of firearms not to be carried without a license because it did not present independent evidence of the crime outside of his statement to Detective

Grace, which, according to Appellant, should not have been admitted due to the *corpus delicti* rule.  Appellant's Brief at 9.

We begin with our standard of review regarding sufficiency of the evidence.

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty.  Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> … Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Tukhi*,** 149 A.3d 881, 886–87 (Pa. Super. 2016) (internal citations omitted).  Credibility of witnesses and the weight of the evidence produced is within the province of the trier of fact, who is free to believe all, part or none of the evidence.  ***Commonwealth v. Scott*,** 146 A.3d 775, 777 (Pa. Super. 2016).

In arguing that the evidence was insufficient to support his conviction, Appellant asks us to disregard the statement he gave to Detective Grace wherein he explicitly admitted that he possessed a concealed gun on his

person without a license on the streets of Philadelphia and implicitly admitted that the gun was operable. **See** Appellant's Brief at 12. This we cannot do. **See Commonwealth v. Gray**, 867 A.2d 560, 567 (Pa. Super. 2005) ("[I]n evaluating the sufficiency of the evidence, we do not review a diminished record. Rather, the law is clear that we are required to consider all evidence that was actually received, without consideration as to the admissibility of that evidence or whether the trial court's evidentiary rulings are correct.") (citation and internal quotation marks omitted).

It is clear that while Appellant couches his argument in terms of sufficiency of the evidence, his real challenge is to the admission and consideration of his statement to Detective Grace based on the *corpus delicti* rule. This Court has discussed *corpus delicti* challenges as follows.

> The *corpus delicti* rule is designed to guard against the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed. The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. The *corpus delicti* may be established by circumstantial evidence. Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step

concerns the trial judge's admission of the accused's statements and the second step concerns the fact finder's consideration of those statements. In order for the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

***Commonwealth v. Hernandez***, 39 A.3d 406, 410-11 (Pa. Super. 2012) (citations and quotation marks omitted).

Appellant's *corpus delicti* argument focuses on his conviction under subsection 1606(a)(1) of the crimes code, which provides in relevant part: "any person who carries a firearm concealed on or about his person … without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 1606(a)(1).

Appellant argues that the Commonwealth failed to follow the two-step process to establish *corpus delicti*. According to Appellant, because the Commonwealth never established by a preponderance of the evidence that a crime occurred, it should not have been permitted to enter into the record Appellant's statement obtained while he was being interviewed in the hospital after being shot. Appellant's Brief at 11. Highlighting that the gun at issue was never recovered, Appellant further contends that it was improper for the trial court to have considered Appellant's statement because there was no other evidence that Appellant carried a firearm concealed on his person without a license. ***Id.*** at 12.

However, we agree with the trial court and the Commonwealth that Appellant waived his *corpus delicti* claim. ***See*** Trial Court Opinion, 1/19/2017, at 6-7. In order to preserve a challenge to the admission of an inculpatory statement based on *corpus delicti* grounds, an objection must be raised prior to or during the Commonwealth's introduction of the statement. ***Commonwealth v. Chambliss***, 847 A.2d 115, 120-21 (Pa. Super. 2004) ("As Appellant did not raise any objection to the Commonwealth's admission of this evidence during the Commonwealth's presentation of this evidence, we do not find that Appellant has properly preserved a [*corpus delicti*] challenge to the admissibility of the confession.") An appellant's failure to raise a contemporaneous objection to evidence at trial waives that claim on appeal. Pa.R.E. 103(a); ***Commonwealth. v. Thoeun Tha***, 64 A.3d 704, 713 (Pa. Super. 2013).

Our review of the record reveals that Appellant filed a motion to suppress, but the motion made no arguments regarding *corpus delicti*. Furthermore, when the Commonwealth sought to introduce Appellant's written statement into the record, not only did Appellant fail to object on *corpus delicti* grounds, he specifically stated that he did not have **any** objections to the admission of the statement. N.T., 4/1/2016,[1] at 15.

---

[1] The trial occurred on April 1, 2016, but the transcript is erroneously dated June 9, 2016.

Therefore, Appellant did not preserve a challenge to the admissibility of his statement, and the trial court did not err by admitting it.

Furthermore, Appellant has also waived any challenge to the trial court's consideration of his statement. Appellant moved for acquittal after the Commonwealth rested its case, but his oral motion was based upon his argument that the Commonwealth did not prove that the gun was operable or that Appellant did not have a license on the day in question, not *corpus delicti*. N.T., 4/1/2016, at 41. Although Appellant did raise the issue of *corpus delicti* in his post-sentence motion, this was after the trial court's deliberations and, therefore, too late. **See Chambliss**, 847 A.2d at 121 (holding that *corpus delicti* challenge to trial court's consideration of a confession was not waived because it was raised during closing argument **prior to** the factfinder's deliberations). Accordingly, we hold that the trial court did not abuse its discretion in considering Appellant's statements to Detective Grace when rendering its verdict.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/7/2017