J-A09045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| GERALD S. LEPRE | : | |
| Appellant | : | No. 1612 WDA 2017 |

Appeal from the Order Entered October 25, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000914-2017

BEFORE: BOWES, J., DUBOW, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED MAY 30, 2018**

Gerald S. Lepre (Appellant) appeals *pro se* from the judgment of sentence imposed after the trial court convicted him of the summary offense of disorderly conduct.[1] We affirm.

On August 4, 2017, Appellant entered the Allegheny County Family Court. He was accompanying his co-worker, Jessica Weiss, who was attending a protection from abuse hearing. Allegheny County Deputy Sheriff Anthony Fratto testified that while Appellant was in the security line, Deputy Fratto discovered Appellant had a prescription medication that was not in a prescription bottle, but was contained in manufacturer's "tin foil type" packaging. N.T., 10/25/17, at 4. Appellant did not have the required proof

---

[1] 18 Pa.C.S.A. § 5503.

of prescription, and when questioned about it, he became boisterous, argumentative, and used profanity. *Id.* at 5. Because there were many people in the security line, Deputy Fratto asked Appellant to go to the sheriffs' office to discuss the situation, but Appellant continued acting angrily, calling the officers names and using profanity. Once inside the sheriffs' office, Appellant "kept going off on" the officers and was thus taken to the "bullpen," where "he continued to swear and be argumentative with the deputies." *Id.* In the bullpen, Appellant kicked the door continuously until authorities took him to the courthouse jail. *Id.*

The Commonwealth charged Appellant with possession of a controlled substance and disorderly conduct. Subsequently, the Commonwealth withdrew the possession of a controlled substance charge. The Magisterial District Judge found Appellant guilty of disorderly conduct and imposed fines and costs of $300.

Appellant appealed to the Court of Common Pleas, where a trial *de novo* was held on October 25, 2017. Appellant appeared *pro se*. The Commonwealth presented one witness, Deputy Fratto, who testified to the above facts. Appellant called Ms. Weiss, who testified that when the sheriffs discovered Appellant's medication, Appellant told them they could call his doctor to verify his prescription, but one sheriff said, "I'm sorry, we don't do that." *Id.* at 7. Ms. Weiss denied that Appellant was boisterous or loud or used profanity. She said Appellant was not even talking to the sheriffs, but

instead was talking calmly to her. The sheriffs then led Appellant through a glass door to ask him questions, and Ms. Weiss went to her court hearing alone. *Id.* at 8. After the hearing, Ms. Weiss returned to the security line area, where an officer informed her that Appellant was taken to jail, and Ms. Weiss left.

Appellant testified in his own defense and provided the following account of events. The sheriffs found the prescription for his medication, and he "explain[ed] to them nicely that it was a legal prescription" and asked them to call his doctor to verify. *Id.* at 14, 16. The sheriffs nevertheless took him to their office and closed the door, "and that's when the confrontation took place." *Id.* at 18. Appellant explained that he was upset because he had a legal prescription, claimed the sheriffs' "main incentive was to take [him] to jail," and admitted that he said "this is screwed up" and "what, you guys don't have nothing better to do." *Id.* at 17, 19. Appellant argued that because he said these things "behind a locked door," the Commonwealth failed to establish that his conduct occurred in a public space. *Id.* at 19.

The trial court found Appellant guilty of disorderly conduct. The court specifically found that Deputy Fratto was credible, Appellant was not credible, and that Appellant's disorderly conduct occurred in the public "rotunda area," of the courthouse. *Id.* at 22. On the same day, the court imposed a sentence of $300 in fines and costs.

Appellant filed a timely post-trial motion, and the trial court held a

hearing on October 31, 2017. Appellant, again appearing *pro se*, first argued that the testimony that he possessed the medication was inflammatory, as the Commonwealth had withdrawn the charge of possession of a controlled substance. N.T., 10/31/17, at 4. The trial court responded that this testimony had no bearing on its finding him guilty of disorderly conduct, and instead it relied on Deputy Fratto's testimony relating to Appellant's "profanity, yelling, disagreeable conduct, [and] holding up the [security] line." ***Id.*** Appellant again argued that his conduct did not occur in a public place, but the trial court reiterated that it based the disorderly conduct conviction on his behavior in the courthouse security line, emphasizing that it found the deputy sheriff's testimony credible. Appellant pointed out the trial court was essentially discrediting his evidence, and the court explained it had properly made credibility determinations. The court denied Appellant's motion, and Appellant filed a timely notice of appeal.

The trial court issued a Pa.R.A.P. 1925(b) order directing Appellant to "file of record **and serve on the court** a Concise Statement of the Errors Complained of on the Appeal no later than 21 days." Order, 11/6/17 (emphasis added). The date November 6, 2017 appears next to the signature line, but the order does not bear a "filed" stamp showing the date of filing, nor does the order appear on the copy of the docket that is included in the record. The docket was printed on October 26, 2017 — the day after the trial *de novo* — and the guilty verdict is the final entry. However, we note the first

page of the record is a one-page index, which acts as a table of contents, and the index states that the order was filed on November 8, 2017.

On November 17, 2017, Appellant filed a Rule 1925(b) statement; it bears a court "filed" stamp showing the November 17, 2017 date, which was within 21 days of both November 6 and November 8, 2017. On December 13, 2017, however, the court issued an opinion stating that Appellant failed to file a Rule 1925(b) statement and all of his issues were waived. **See Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998) ("[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925.").

Preliminarily, we consider the trial court's assertion that all of Appellant's issues are waived for failure to file a Rule 1925(b) statement. As stated above, the certified record includes a Rule 1925(b) statement, which is stamped by the clerk of courts as "filed" on November 17, 2017. Accordingly, it is possible that although Appellant filed the statement with the clerk of courts, he did not serve a copy on the trial court, as required by the Rule 1925(b) order and Rule 1925(b) itself. **See** Pa.R.A.P. 1925(b)(1) ("Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a)[.]"). Generally, the failure to serve a copy of a court-ordered Rule 1925(b) statement on the trial court results in waiver. **See Forest Highlands Cmty.**

- 5 -

***Ass'n v. Hammer***, 879 A.2d 223, 229 (Pa. Super. 2004).

However, our Supreme Court has stated:

[F]or an appellant to be subject to waiver for failing to file a timely 1925(b) statement . . . the clerk of courts has a mandatory duty to furnish copies of the order to each party or their attorney. In reaching this conclusion, we relied on Pa.R.Crim.P. 114 . . . , which sets forth the obligations of the clerk of courts as follows:

Upon receipt of an order from a judge, the clerk of courts shall immediately docket the order and record in the docket the date it was made. The clerk shall forthwith furnish a copy of the order, by mail or personal delivery, to each party or attorney, and **shall record in the docket the time and manner thereof**.

[Pa.R.Crim.P. 114(A)(1). T]he word "shall" in Rule 114 [is] mandatory [and] leaves no question that the clerk's obligations are not discretionary.

***Commonwealth v. Hess***, 810 A.2d 1249, 1252-53 (Pa. 2002) (emphasis added). In ***Hess***, our Supreme Court held that the appellant's untimely Rule 1925(b) statement did not result in waiver where, *inter alia*, the trial docket did not indicate the date and manner of service of the court's Rule 1925(b) order in violation of Pa.R.Crim.P. 114. ***Id.*** at 1254-55.

As stated above, the trial court issued a Pa.R.A.P. 1925(b) order that was dated November 6, 2017 (although the index states it was filed on November 8th). The bottom of the order states:

cc:  [Appellant's name and address]
     [Commonwealth attorney's name and address]

Order, 11/6/17. In the absence of any docket entry for the order or certificate of service, the record simply does not indicate the date or manner of service

of the order, as required by Rule 114. **See** Pa.R.Crim.P. 114. We thus decline to find waiver on the basis that the trial court did not receive a copy of the Rule 1925(b) statement. **See Hess**, 810 A.2d at 1254-55. Accordingly, we proceed to address the merits of Appellant's issues.

Appellant presents three issues for our review:

[1.] Whether sufficient evidence existed to sustain the charge of disorderly conduct when:

A. The alleged conduct complained of didn't occur in a public forum; &

B. The alleged conduct complained of served a legitimate purpose?

[2.] Whether the *corpus delicti* of disorderly conduct was met?

[3.] Whether the trial court committed error, abused its discretion and violated constitutional rights when it admitted inflammatory evidence over repeated objection when its prejudicial effect did not outweigh its probative value?

Appellant's Brief at 4.

In his first issue, Appellant argues that the evidence was insufficient to support a conviction of disorderly conduct. Appellant concedes that Deputy Fratto testified that the disorderly conduct occurred in the public rotunda area of the courthouse, but points to his own evidence — his and Ms. Weiss's testimony — that the conduct occurred in the sheriffs' office that was not open to the public. Appellant additionally avers that his alleged disorderly conduct served a legitimate purpose: defending "himself and his innocence as Deputy Fratto encroached on his freedom of action and movement by making an

arrest — without any investigation" as to whether he had a valid prescription. Appellant's Brief at 11-12.

Despite Appellant's characterization of his issue as a challenge to the sufficiency of the evidence, his argument goes to the weight of the evidence.[2] ***See Commonwealth v. Thompson***, 106 A.3d 742, 758 (Pa. Super. 2014) ("[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed."). Our review of a trial court's ruling on a weight claim is limited to whether the court abused its discretion. ***Id.*** at 758.

> It is well established that this Court is precluded from reweighing the evidence and substituting our credibility determination for that of the fact-finder. . . . "[T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses[.]"

***Id.*** (citations omitted). Disorderly conduct is defined in part as follows:

> **(a) Offense defined.—**A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> *   *   *
> (2) makes unreasonable noise; [or]
>
> (3) uses obscene language, or makes an obscene gesture[.]

_____

[2] Appellant preserved a weight of the evidence claim by raising it at the post-trial hearing. ***See*** Pa.R.Crim.P. 607(A)(3) (a claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial in a post-sentence motion); N.T., 10/31/17, at 9 ("[E]ssentially, you discredited any evidence that I put on[.]").

18 Pa.C.S.A. § 5503(a)(2), (3). "Under the statute, whether a defendant's words or acts rise to the level of disorderly conduct hinges upon whether they cause or unjustifiably risk a public disturbance." **Commonwealth v. Fedorek**, 946 A.2d 93, 100 (Pa. 2008).

In finding Appellant guilty of disorderly conduct, the trial court credited Deputy Fratto's testimony that while Appellant was in the security line of the courthouse, he yelled, used profanity, and behaved with "disagreeable conduct." N.T., 10/25/17, at 22; N.T., 10/31/17, at 6. The court concluded that Appellant "became boisterous, argumentative and used profanity. The behavior continued as [Appellant] was led into the Sheriff's Office, and persisted when he was taken to the bullpen and the jail." Trial Court Opinion, 12/13/17, at 1. To succeed, Appellant's argument would require this Court to disregard the trial court's credibility determinations and reweigh the testimony in his favor. This we cannot do. **See Thompson**, 106 A.3d at 758. Appellant's additional argument — that he had a legitimate purpose for his behavior — is waived, as he presented no such claim before the trial court. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Thus, Appellant's first issue is meritless.

Appellant's second issue is whether "[t]he *corpus delecti* of disorderly conduct has not been met." Appellant's Brief at 12. He claims that Deputy Fratto "testif[ied] on behalf of other officer[s] and the public who allegedly

witnessed the act," but the Commonwealth did not present any other witnesses whom Appellant could cross-examine. *Id.* at 13. Appellant claims he thus was unable to "confront [Deputy Fratto's] hearsay evidence." *Id.*

Appellant's reliance on the *corpus delicti* rule is misplaced. "The *corpus delicti* rule begins with the proposition that a criminal conviction may not be based upon the extra-judicial confession of the accused unless it is corroborated by independent evidence establishing the *corpus delicti*" — "the body of the crime." ***Commonwealth v. Chambliss***, 847 A.2d 115, 119 (Pa. Super. 2004). Appellant does not reference a confession — and the record does not reveal any — allegedly made by Appellant and presented at trial. To the extent we review Appellant's claim as a challenge to the admission of hearsay, the factual premise of his argument is mistaken. Deputy Fratto did not, as Appellant contends, testify to what another individual said. ***See*** Pa.R.E. 801 ("'Hearsay' means a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"). Instead, the officer testified that he attempted to question Appellant about the medication, but Appellant "became very boisterous, very argumentative, [and] used some profanity." N.T., 10/25/17, at 5. This second issue does not warrant relief.

In his final issue, Appellant asserts that the trial court erred in allowing evidence that he possessed a controlled substance — the medication. He

emphasizes that the Commonwealth withdrew its charge of possession of a controlled substance, and contends the evidence had no relevance and was unfairly prejudicial.

"Questions concerning the admissibility of evidence are within 'the sound discretion of the trial court, and its discretion will not be reversed absent a clear abuse of discretion.'" **Thompson**, 106 A.3d at 754. "Evidence that is not relevant is not admissible." Pa.R.E. 402. "[R]elevant evidence may . . . be excluded 'if its probative value is outweighed by the danger of unfair prejudice[.']" **Commonwealth v. Owens**, 929 A.2d 1187, 1190 (Pa. Super. 2007).

The evidence that Appellant possessed the medication was relevant to the charge of disorderly conduct, as it explained why Deputy Fratto questioned Appellant and why Appellant was, by his own admission, upset. N.T., 10/25/17, at 19 ("I was pretty upset because it was a legal prescription."). There was no evidence that Appellant possessed it illegally; Appellant repeatedly testified that he had a valid prescription. In any event, Appellant was not prejudiced because, as the trial court repeatedly stated on the record, the fact that Appellant possessed the medication had no bearing on the court's finding that Appellant's disruptive and profanity-laden behavior constituted disorderly conduct. N.T., 10/31/17, at 6-7. This issue also lacks merit.

In sum, as we conclude that all of Appellant's claims are meritless, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2018