J-S53019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERIC SAMUEL BALCH III, | : | |
| | : | |
| Appellant | : | No. 3122 EDA 2017 |

Appeal from the Judgment of Sentence August 16, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001516-2017

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT[*], J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 26, 2018**

Frederic Samuel Balch, III, appeals from the judgment of sentence imposed on August 16, 2017, in the Court of Common Pleas of Delaware County.  The trial judge[1] found Balch guilty of one count of driving under the influence (DUI) – highest rate of alcohol, one count of possession of marijuana, and two counts of use/possession of drug paraphernalia.[2]  Balch was sentenced to 72 hours to six months' imprisonment and a one-year term of probation.  Balch contends that based upon the *corpus delicti* rule, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial judge, the late Honorable James F. Nilon, retired from the Delaware County Court of Common Pleas in December of 2017.  The case was reassigned to the Honorable George A. Pagano in January of 2018.  **See** Trial Court Opinion, 2/13/2017, at 1 n.1.

[2] 75 Pa.C.S. § 3802(c), 35 P.S. § 780-113(a)(31), and 35 P.S. 780-113(a)(32), respectively.

evidence was insufficient to support the trial judge's DUI guilty verdict. For the following reasons, we affirm.

The trial court has aptly summarized the facts of this case, as follows:

On November 30, 2016 at approximately 12:30 in the afternoon, a white Lexus sedan crashed into a PECO pole at 305 Bryn Mawr Avenue. Mr. Balch was in the car at the moment of the accident. However, a good Samaritan picked up Mr. Balch and took him to the Bryn Mawr Hospital before police arrived. Officer Shawn Patterson of the Radnor Police Department responded to the vehicle crash. Patterson saw that the car had severe damage to the impact point on the driver's side. The driver of the vehicle was not present at the accident scene when Patterson arrived. After responding to the auto accident on Bryn Mawr Avenue, Patterson was dispatched to the hospital to locate the driver of the vehicle. When Patterson arrived at the hospital, he found Officer Thomas Matijasich with the Defendant, Mr. Balch, in the back room. Mr. Balch was in poor physical condition, sustaining both head and bodily injuries. Mr. Balch had fresh blood coming from his head and there was no one else with him from the car accident. Upon speaking to Mr. Balch, both officers identified a strong odor of alcohol. The Defendant consented to a blood alcohol test, which revealed a BAC of .241. The Defendant also admitted to smoking marijuana. After patting him down, the officers found a small amount of marijuana and drug paraphernalia on his person.

**** 

On August 16, 2017, a non-jury trial was held in front of this court. Officer Patterson, Officer Matijasich, and Mr. Balch testified to the facts as set forth above. According to Officer Matijasich, Mr. Balch immediately admitted to being the driver of the white Lexus when questioned at the hospital. However, at trial, Mr. Balch had no recollection of admitting this, and alleged that his cousin was the driver of the vehicle, not him. One eye witness testified that she saw two men coming out of the vehicle after it had crashed, but did not see which man was in actual physical control of the vehicle. Furthermore, Mr. Balch testified that his BAC was .241 because he had been drinking the night before, but not on the morning of the accident. …

Trial Court Opinion, 2/13/2017, at 1-2. The trial court found, based on the totality of facts, that the damage to the driver's side windshield of the vehicle was consistent with injuries Balch had at the hospital, which was evidence of Balch being the operator of the vehicle. Therefore, the trial court concluded the Commonwealth met the elements of DUI – highest rate of alcohol beyond a reasonable doubt. The trial court sentenced Balch as stated above, and this appeal followed.[3]

Balch contends that under the *corpus delicti* rule the trial court erred in admitting his confession that he was the driver of the vehicle "for any purpose," because "[a] mere car accident was on the record when the [c]ourt received [his] confession." Balch's Brief at 9. ***See also id.*** at 11-12.

Our standard of review for a challenge to the *corpus delicti* rule is well-settled.

> The *corpus delicti* rule is designed to guard against the "hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed." The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the

---

[3] Review of the record reveals that the trial court, on September 18, 2017, ordered Balch to file a Pa.R.A.P. 1925(b) statement within 21 days. Since the 21st day was Monday, October 10, 2017, a legal holiday, Balch's concise statement was due on October 11, 2017. ***See*** 1 Pa.C.S. 1908. On October 11, 2017, Balch filed a motion for extension of time, and the trial court granted the motion and extended the time for filing the concise statement to October 27, 2017. Balch timely filed his concise statement on that date.

accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. The *corpus delicti* may be established by circumstantial evidence. Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step concerns the trial judge's admission of the accused's statements and the second step concerns the fact finder's consideration of those statements. In order for the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

*Commonwealth v. Hernandez*, 39 A.3d 406, 410-411 (Pa. Super. 2012) (citations omitted).

Preliminarily, it is important to point out Balch concedes there was no *corpus delicti* objection to the admissibility of Balch's confession, the first step of the two-step process of establishing the *corpus deliciti*. However, Balch contends he did not waive a challenge to the trial court's consideration of Balch's statement, the second step, because he raised the issue in his closing, albeit without using the term *corpus delicti*. In support, Balch cites *Commonwealth v. Chamberliss*, 847 A.2d 115 (Pa. Super. 2004), for its holding that even when there is no timely *corpus deliciti* challenge to the admissibility of the defendant's confession, a defendant may still invoke the *corpus delicti* rule prior to the factfinder's deliberation and argue that the Commonwealth did not present the "quantum of evidence" necessary for the factfinder to consider the defendant's confession." *Id.* at 121. Balch,

- 4 -

however, does not provide any citation to identify where he preserved a *corpus delicti* issue at trial. Balch only states, "At closing, defense counsel challenged [Balch's] statement without us[i]ng the term '*corpus deliciti*'" …. Balch's Brief at 12. This Court's review, however, has not detected a *corpus deliciti* argument in Balch's counsel's closing argument.[4] Accordingly, this issue has been waived. In any event, it is meritless because, as more fully discussed below, the Commonwealth established the *corpus delicti* beyond a reasonable doubt without Balch's admission before the trial court began its deliberation.

Here, Balch was convicted of DUI - highest rate of alcohol pursuant to Section 3802(c).[5] Therefore, the Commonwealth had to prove Balch "(1) … drove, operated or was in actual physical control of a motor vehicle; and (2) that such action was conducted after imbibing enough alcohol that the [defendant's] BAC reached 0.16% within two hours after driving." ***Commonwealth v. Thur***, 906 A.2d 552, 564 (Pa. Super. 2006), *citing* 75 Pa.C.S. § 3802(c)). The term "operates" necessitates evidence of actual, physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but does not require evidence that

---

[4] While Balch's Pa.R.A.P. 1925(b) statement cites to pages 96 and 97 of the trial transcript, Balch's counsel is not presenting closing argument at that record citation.

[5] Balch mistakenly cites 75 Pa.C.S. § 3802(a)(1). **See** Balch's Brief at 10.

the vehicle was in motion. ***Commonwealth v. Young***, 904 A.2d 947, 954 (Pa. Super. 2006). In order to find that a person had actual physical control of an automobile, a combination of the following factors is required: the motor running, the location of the vehicle, and additional evidence showing that the defendant was driving. ***Commonwealth v. Brotherson***, 888 A.2d 901, 904 (Pa. Super. 2005).

At trial, prior to the admission of Balch's statement that he was driving the vehicle, the Commonwealth presented the following evidence. On November 30, 2016, at approximately 12:30 in the afternoon, Officer Patterson responded to a one-car accident in which a white Lexus sedan had crashed into a PECO pole. The operator of the vehicle was not present at the scene. Officer Patterson observed damage to the left front side where the vehicle made impact with the pole, and damage to the driver's front windshield, specifically, an impact point with spider effect. Officer Matijacich, who had been dispatched to Bryn Mawr Hospital, notified Officer Patterson he had found the operator of the vehicle. Within 15 minutes, Officer Patterson proceeded to the hospital, found Balch and began a conversation with Balch. At that time, he noticed a strong odor of alcohol coming from Balch. Officer Patterson also noticed a laceration to Balch's forehead that was consistent with the damage to the driver's side windshield of the vehicle. Officer Patterson read Balch Form DL-26, and obtained Balch's consent to a blood test. The blood test revealed a blood alcohol level (BAC) of .241.

Furthermore, while one eyewitness reported to police there were two men in the vehicle, no one else was found at the hospital with injuries consistent with the damage to the vehicle.

On this record, the circumstantial evidence and the reasonable inference drawn therefrom, even without Balch's admission, were sufficient evidence to establish that Balch was driving while intoxicated. As Judge Nilon aptly explained, in stating his decision on the record:

> [T]here was obviously an auto accident with damage to the front windshield on the driver's side. And the investigating officer described the damage. That damage would be consistent with a person's head striking the windshield of the vehicle. Also I think that the testimony with regard to the other injuries suffered by [Balch], being fractured ribs, would be consistent with a person behind the wheel of a vehicle having their torso strike the driver's wheel on the vehicle. So that evidence would be consistent with [Balch] being the operator of the vehicle, since [Balch] was treated at the hospital for injuries that would be consistent with the damage to the vehicle. …

N.T., 8/16/2017, at 96-97. We agree with this analysis. Had the issue been preserved, we would find the Commonwealth's circumstantial evidence established that Balch was the driver who crashed the vehicle and the Commonwealth's direct evidence established Balch was intoxicated with a BAC of .241. As such, the Commonwealth established beyond a reasonable doubt the *corpus delicti*, that drunk driving occurred. Hence, the trial court's consideration of Balch's statement that he had been driving the vehicle was proper under the *corpus delicti* rule.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/26/18</u>