J-S25010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARL EDWARD JOHNSTON, JR. | |
| Appellant | No. 1651 MDA 2018 |

Appeal from the Judgment of Sentence September 6, 2018
In the Court of Common Pleas of Bradford County
Criminal Division at No: CP-08-CR-0000763-2017

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:             **FILED NOVEMBER 14, 2019**

Appellant, Carl Edward Johnston, Jr., appeals from the September 6, 2018 judgment of sentence imposing an aggregate 14 to 43 months of incarceration for possession of a controlled substance and possession of drug paraphernalia.[1]  We affirm.

On October 2, 2017, the Commonwealth charged Appellant with several counts of assault, including sexual assault, and several drug offenses.  On the morning of the first day of trial, prior to swearing in the jury, the Commonwealth dismissed all of the assault charges because the alleged victim was unwilling to testify.  N.T. Trial, 6/5/18, at 1-4.  At the conclusion of trial,

---

[1]  35 P.S. § 780-113(a)(16), (30).

the jury found Appellant guilty of the aforementioned counts but not guilty of criminal attempt to produce methamphetamine,[2] and the trial court found Appellant guilty of possession of a small amount of marijuana. The trial court denied Appellant's timely post-sentence motions, and this timely *pro se* appeal followed.[3]

On appeal, Appellant claims that the Commonwealth failed to produce sufficient evidence in support of his convictions; that the trial court erred in admitting certain electronic messages into evidence; that the prosecution committed misconduct in its use of Appellant's statement to a police officer; that Appellant was denied due process because he was not present at a pretrial hearing; and that Appellant was denied his right to a jury trial for possession of a small amount of marijuana. Appellant's *Pro Se* Brief at 5-6.[4]

We begin with a review of the sufficiency of the evidence. "[W]ith respect to our sufficiency review, our standard of review is *de novo,* however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to

_____

[2] 18 Pa.C.S.A. § 901 and 35 P.S. § 780-113.3.

[3] The trial court permitted Appellant to proceed *pro se* after conducting a waiver colloquy at Appellant's sentencing hearing. N.T. Sentencing, 9/6/18, at 26-31.

[4] We have reordered and paraphrased the issues for clarity.

- 2 -

the Commonwealth as the verdict winner." *Commonwealth v. Rushing*, 99 A.3d 416, 420–21 (Pa. 2014).

First, we consider Appellant's conviction for possession of methamphetamine. At trial, the Commonwealth introduced the testimony of Officer Nikki Hoffman of the Sayre Borough Police Department. She testified about her recorded interview of Appellant and about pictures she took of a cell phone belonging to Maggie Williams, the alleged victim. Appellant told Officer Hoffman that he invited Williams to his home by electronic message. N.T. Trial, 6/5/18, at 29. Specifically, Appellant and Williams communicated through Facebook Messenger, and Appellant's name and picture appeared along with the messages he sent to Williams. *Id.* at 46. In one such message, Appellant invited Williams to his home to enjoy some "ice." *Id.* at 49. Officer Hoffman testified that "ice" is a term for methamphetamine. *Id.* at 52. Appellant arranged to pick up Williams at her home in Waverly, New York and bring her back to Appellant's house in Sayre, Bradford County. *Id.* at 39. Appellant also agreed to bring some methamphetamine with him to New York to give to Williams' boyfriend. *Id.* at 50-51. After Appellant and Williams arrived at Appellant's house, he injected her with methamphetamine, and the two had sex. *Id.* at 31-35. Appellant said he helped Williams inject because she had difficulty injecting herself. *Id.*

Derek Watkins of the Sayre Borough Police Department testified that, in executing a search warrant for Appellant's home, he discovered a baggie of

empty syringes, a digital scale, a baggie of syringe needles, and a green leafy substance. *Id.* at 68-70. Officer Jason Serfas of the Athens Township Police Department helped search Appellant's home and found a suitcase in the attic containing a hot plate, tubing, and a gas mask. *Id.* at 97. Those items, combined with others found throughout the house, including drain cleaner and fifty Sudafed pills (*Id.* at 70, 75, 89), led the Commonwealth to charge Appellant with attempted production of methamphetamine.

Appellant claims the evidence of his possession of methamphetamine is insufficient because police did not recover any methamphetamine during their search of his house, and because none of the alleged paraphernalia tested positive for the presence of any controlled substance. Appellant's *Pro Se* Brief at 19-21. The record does not support Appellant's argument. Officer Hoffman testified that Appellant invited Williams to his home to do some "ice," and that he injected Williams while she was in his home. Appellant also admitted to Officer Hoffman that he offered to bring some methamphetamine from his home in Pennsylvania to Williams' boyfriend in Waverly, New York. This evidence, considered in a light most favorable to the Commonwealth as verdict winner, sufficiently establishes Appellant's possession of methamphetamine.

As to the paraphernalia, Appellant notes that none of it tested positive for controlled substances, and that the jury found him not guilty of attempted operation of a methamphetamine laboratory.

The Controlled Substances Act ("CSA") prohibits:

The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, **injecting**, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780-113(a)(32) (emphasis added). The CSA provides a list that a court or other authority "should consider" in discerning whether an item is drug paraphernalia: "the proximity of the object, in time and space, to a direct violation of this act, the proximity of the object to controlled substances, the existence of any residue of controlled substances on the object[.]" 35 P.S. § 780-102, "Drug paraphernalia."

To sustain a conviction for possession of drug paraphernalia[,] the Commonwealth must establish that items possessed by defendant were used or intended to be used with a controlled substance so as to constitute drug paraphernalia and this burden may be met by Commonwealth through circumstantial evidence.

***Commonwealth v. Coleman***, 984 A.2d 998, 1001 (Pa. Super. 2009).

As noted above, police retrieved a baggie of empty syringes and a baggie of syringe needles from Appellant's home. Appellant admitted injecting Williams with methamphetamine at his home. Further, given Appellant's admission that he injected Williams, the record supports an inference that Appellant intended to use the syringes and needles to violate the CSA. Appellant cites no law for the proposition that the absence of residue on the empty syringes and other alleged paraphernalia renders the evidence insufficient. The CSA does not require law enforcement to find drug residue

on an object before concluding that the item is paraphernalia. Rather, the CSA merely identifies the presence of residue as one of many things authorities "should consider" in discerning whether an object is paraphernalia. For the foregoing reasons, we reject Appellant's challenges to the sufficiency of the evidence.

Next, we consider Appellant's argument that the trial court erred in overruling his objection to the authenticity of the Facebook Messenger messages between Appellant and Williams. Appellant claims the Commonwealth could not authenticate the messages, found on Williams' phone, without Williams' testimony.[5] We disagree.

Admission of evidence rests within the discretion of the trial court, and we will reverse only if the trial court abuses its discretion. ***Commonwealth v. Levanduski***, 907 A.3d 3, 13-14 (Pa. Super. 2006), ***appeal denied***, 919 A.2d 955 (Pa. 2007), ***cert. denied***, ***Levanduski v. Pennsylvania***, 552 U.S. 823 (2007). The Pennsylvania Rules of Evidence provide that the proponent of a piece of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). The proponent can satisfy that requirement through the testimony of a witness

---

[5] Appellant argues in his *pro se* brief that the messages were inadmissible hearsay, but his only objection at trial was authenticity. N.T. Trial, 6/5/18, at 52. Appellant cannot raise a hearsay objection for the first time on appeal. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

with knowledge. Pa.R.E. 901(b)(1). "[A]uthentication of electronic communications, like documents, requires more than mere confirmation that the number or address belonged to a particular person. Circumstantial evidence, which tends to corroborate the identity of the sender, is required." *Commonwealth v. Koch*, 39 A.3d 996, 1005 (Pa. Super. 2011), *aff'd by an equally divided Supreme Court*, 106 A.3d 705 (Pa. 2014).

In *Koch*, the Commonwealth offered into evidence a transcription of several text messages from the defendant's cell phone. *Id.* at 1000. The Commonwealth established that the phone belonged to the defendant, but several Commonwealth witnesses testified that another person used the defendant's phone some of the time. *Id.* at 1002. A testifying detective conceded that he could not ascertain the author of the messages, and that some of the messages referred to the defendant in the third person. *Id.* at 1003. This Court concluded that the Commonwealth, inasmuch as it conceded that the defendant did not author all messages sent from her phone, failed to authenticate the text messages in accord with Rule 901.[6] *Id.* at 1005. We noted that the Commonwealth produced no testimony from persons who sent

---

[6] We observe that our Supreme Court in *Koch* unanimously disagreed, concluding that the Commonwealth sufficiently authenticated the text messages. *Koch*, 106 A.3d at 384-90 (Castille, C.J., in support of affirmance); 394-95 (Saylor, J. in support of reversal); 401-02 (Eakin, J. in support of reversal). No rationale for that conclusion garnered a majority. *Id.* The Justices were evenly divided as to whether the text messages were inadmissible hearsay.

or received the messages in question, and that there were no contextual clues in the messages identifying the sender. *Id.*

The instant case is easily distinguishable from **Koch**. Appellant admitted to Officer Hoffman that he invited Williams to his home by electronic phone messages. The Commonwealth introduced several pictures of Williams' phone depicting exchanges between Williams and Appellant. Because the two used Facebook Messenger, Appellant's name and picture appeared next to the messages he sent. Moreover, Appellant admitted to Officer Hoffman that he and Williams executed the plans they made in the messages. Under these circumstances, we discern no abuse of discretion in the trial court's finding that the messages were authentic.

Next, Appellant argues the prosecution committed misconduct during his trial by introducing his statement in violation of the *corpus delicti* rule. Appellant's *Pro Se* Brief at 23.[7]

> The *corpus* [*delicti*] rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus* [*delicti*] is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed.

---

[7] The question on page 23 of Appellant's *pro se* brief also references Appellant's absence at a court proceeding. Appellant did not develop this issue in the body of his argument.

*Commonwealth v. Dupre*, 866 A.2d 1089, 1097 (Pa. Super. 2005), *appeal denied*, 879 A.2d 781 (Pa. 2005). The *corpus delicti* rule is a rule of evidence, and we review the trial court's decision for abuse of discretion. *Id.* To exclude evidence under the *corpus delicti* rule, the defendant must lodge a timely objection. *Commonwealth v. Chambliss*, 847 A.2d 115, 120 (Pa. Super. 2004) (noting that a defendant must preserve a *corpus delicti* argument by objecting when the Commonwealth attempts to admit the confession), *appeal denied*, 857 A.2d 676 (Pa. 2004).

Appellant argues that, after Williams refused to testify, his statement to Officer Hoffman became the only evidence that he committed a crime. Thus, he claims his statement to Officer Hoffman should have been excluded under the *corpus delicti* rule. We note that the prosecutor informed the trial court and defense counsel of Williams' decision just prior to the commencement of trial. N.T. Trial, 6/5/18, at 1. Thus, Appellant was aware of the basis for the *corpus delicti* objection prior to Officer Hoffman's testimony. Despite this, Appellant never objected to the admission of his statement to Officer Hoffman, and he cannot raise this issue for the first time on appeal. Pa.R.A.P. 302(a); *Chambliss*, 847 A.2d at 120.

Likewise, an allegation of prosecutorial misconduct requires a timely objection. *Commonwealth v. Graham*, 109 A.3d 733, 738 (Pa. Super. 2015), *appeal denied*,126 A.3d 1282 (Pa. 2015). Appellant did not object to prosecutorial misconduct at any point during trial. Moreover, Appellant's

*pro se* brief fails to develop any legal argument in support of the proposition that a prosecutor commits misconduct by offering inadmissible evidence with no defense objection.

Next, Appellant argues that he was denied Due Process of law because he was denied access to crucial documents and because he was not present at a pretrial proceeding. The only document he identifies is the transcript of his statement to Officer Hoffman. He claims he requested and did not receive the transcript from trial counsel. As legal support for his argument, Appellant cites **U.S. v. Dorman**, 58 M.J. 295 (C.A.A.F. 2003), for the proposition that trial counsel owes a continuing obligation to the accused beyond trial, including the obligation to provide pertinent files to appellate counsel. Appellant's *Pro Se* Brief at 27. A decision of the Court of Appeals for the Armed Forces does not bind this court and, even granting the validity of the legal proposition, Appellant fails to explain how he was prejudiced by not having the transcript. We note that the prosecutor and defense counsel examined Officer Hoffman extensively on the transcript of her interview with Appellant, and Appellant does not complain that he lacked access to the trial transcript. Appellant has failed to articulate any basis upon which we can grant relief. Indeed, his *pro se* brief fails to articulate what relief is due.

Appellant also complains that he was not present prior to trial when the Commonwealth dismissed several charges against him. Appellant's *Pro Se* Brief at 28. Appellant does not cite any law regarding his right to be present

at this proceeding, nor does he explain how he was prejudiced or what relief he is due in light of his absence. Once again, we conclude that Appellant has failed to articulate any basis upon which we can grant relief.

Finally, we note that Appellant is incorrect in his assertion that the trial court denied him his right to a jury trial for possession of a small amount of marijuana. The right to a jury trial does not attach to offenses whose maximum penalty is a period of incarceration of six months or less. **Commonwealth v. Langley**, 145 A.3d 757, 760 (Pa. Super. 2016). Possession of a small amount of marijuana carries a maximum term of thirty days. 35 P.S. § 780-113(g); **Commonwealth v. Yorgy**, 188 A.3d 1190, 1194 n.3 (Pa. Super. 2018).

Judgment of sentence affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2019

- 11 -